STURGIS, Chief Judge.
The appellant, defendant below, was convicted in the Circuit Court of Madison County of unlawful possession of alcoholic beverages. The contraband whiskey was seized by federal officers pursuant to a search warrant issued by the Commissioner of the United States District Court in Jacksonville, Florida, turned over to state officials, and it, together with the search warrant, was admitted in evidence at the trial.
While the defendant did not take advantage of any of the pre-trial procedures available to test the validity of the search warrant admitted in evidence, the legality of the search and seizure pursuant thereto, or to suppress the evidence consisting of the contraband, she duly objected to the admission in evidence at the trial, and on appeal contends:
(1) That the contraband was not admissible in evidence because the testimony shows that state officers connived with and aided the federal officers in the procurement of the federal search warrant and in the search and seizure made pursuant thereto.
(2) That as a predicate for admission of the search warrant in evidence it was necessary for the state to first present testimony establishing probable cause for its issuance, which was not done.
(3) That the federal search warrant was inadmissible because it does not conform to requirements of the constitution and statutes of the State of Florida.
We know of no such thing as an unlawful connivance among law enforcement officials to enforce the law. Without reflection upon the law enforcement officials of Madison County, whose trustworthiness and integrity are in no manner assailed, it would be naive in the extreme not to recognize that situations do arise from time to time in some localities where the prudent law enforcement officer should and must, if he is to efficiently carry out his assignment, carefully select the magistrate to whom he will apply for a search warrant, and it is a matter of common knowledge that this selectivity is frequently employed in such work.
It is well settled that evidence obtained by lawful search made by virtue of *415 a valid federal search warrant is admissible in a state criminal proceeding. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293; Rea v. United States, 350 U.S. 214, 76 S. Ct. 292, 100 L.Ed. 233.
It was not necessary at the trial for the state to lay a predicate for the introduction of the search warrant in evidence by first presenting evidence establishing probable cause for its issuance. The warrant, duly signed by an authorized official of the United States, recites the events upon which issuance was predicated in the exact words and figures as follows:
“Affidavit having been made before me by Hiram J. Bembry, Supervisor, Florida State Beverage Department; that he has reason to believe that on the premises known as a one story frame house, painted white, with metal awnings and tin roof, together with all outbuildings, located and situated in Madison, Madison County, Florida, which can be reached as follows, proceed to the intersection of Parramore and Fraleigh Streets, thence go South on Parramore Street to the second dwelling on the East side of the street, being in the 700 block of Parramore Street. In the Southern District of Florida there now being concealed certain property, namely nontaxpaid spirits, commonly known as moonshine whiskey, in violation of Section 5008 Internal Revenue Code [26 U.S.C.A. § 5008]; and the facts tending to establish grounds for search being set forth in the affidavit of Hiram J. Bem-bry, Supervisor, Florida State Beverage Dept., who states; having reliable information that alcoholic spirits as described were being kept and sold at said premises, I took a confidential informer close to said premises on the night of June 16, 1956. I searched the informer for money and whiskey and found none. I then gave the informer a one dollars bill and sent him to said premises to buy a half pint of moonshine whiskey. I saw him go directly to said premises. A few minutes later he returned to me with a half pint of moonshine whiskey. I searched him again and found no money on him, and as I am satisfied that there is probable cause to believe that the property so described is being concealed on the premises above described and that the foregoing grounds for application for issuance of the search warrant exist.”
The duly authenticated search warrant was entitled to full faith and credit and was properly accepted in evidence. The recitations contained therein must necessarily be accepted as true, in the same sense that recitations of fact in any order or decree of a magistrate are so accepted until otherwise adjudicated by a direct and competent attack upon them. The defendant in this cause made no such attack, and the recitations appear adequate to have entitled the warrant to issue.
The fact that the search warrant was issued by a federal officer rather than by a magistrate specified in Section 933.01, Florida Statutes, F.S.A., that the warrant only alleged a violation of the United States Revenue Code, that it was not returnable before a state court, and that neither the search warrant nor the affidavit upon which it was issued was ever filed in a state court until the warrant was admitted in evidence at the trial, does no violence to the state constitution or the mentioned statute. The admissibility of the federal search warrant in evidence is based on the fact that on its face it appeared to be lawful in every respect and the record contains no showing to the contrary.
*416 The privileges, immunities, and freedoms granted and insured to the citizen by the state and federal constitutions and laws enacted pursuant thereto are to be jealously preserved. They are to be used, however, as a shield against oppression and not as a barrier behind which the guilty may with straws for lances ward off the tenets of organized society.
Affirmed.
CARROLL, DONALD and WTGGIN-TON, JJ., concur.