176 So.2d 561 (1965)
James C. CHRISTIAN and Edgar Mell, Appellants,
v.
STATE of Florida, Appellee.
Beatrice BRENNER, Appellant,
v.
STATE of Florida, Appellee.
Martha Corrola CHRISTIAN et al., Appellants,
v.
STATE of Florida, Appellee.
Nos. 64-1042, 64-1074, 65-45.
District Court of Appeal of Florida. Third District.
June 22, 1965.
Rehearing Denied July 22, 1965.
J. Edward Worton, Stanley L. Lester and MacKenzie & MacKenzie, Miami, for appellants.
Earl Faircloth, Atty. Gen., and Herbert P. Benn, First Asst. Atty. Gen., for appellees.
Before TILLMAN PEARSON, CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellants, defendants below, seek reversal of convictions by the Criminal Court of Record for lottery law violations.
The cases have been consolidated for purposes of appeal. In a lengthy brief appellants have raised and argued seventeen points on appeal, the majority of which deal with the question of the legality of a prosecution by state authorities in a state court based on evidence seized by federal *562 agents pursuant to a federal search warrant. Briefly stated, the facts pertinent to this appeal are that in April, 1963, federal agents, armed with a federal search warrant issued by a U.S. Commissioner, entered certain premises, arrested the appellants and searched for and seized certain property. The federal authorities ultimately decided not to pursue criminal action against the appellants and turned the seized evidence over to the state. However, the federal authorities did prosecute a Libel of Information in the U.S. District Court, seeking to declare the property seized from the defendants herein forfeit to the United States for a breach of provisions of Title 26 U.S.C. § 7302.
After the state had filed its information appellant filed a complaint in federal court seeking to enjoin the federal agents from prosecuting, testifying, producing evidence or otherwise conducting proceedings directly or indirectly in the state action. This prayer was summarily denied and that case is on appeal to the U.S. Court of Appeals.
Appellants filed numerous motions below, one of which sought to suppress the evidence. The motion came on for hearing at which time testimony was taken and the search warrant admitted into evidence. The trial judge was satisfied that the search and seizure was lawful and denied the motion. The affidavit upon which the warrant issued was subsequently entered into evidence as was the seized evidence.
All ten defendants were found guilty on counts II, III and IV, not guilty on counts I and V, with the exception that defendant James C. Christian was found guilty on count V.
We note here that counts III and IV of the information are misdemeanor counts. This opinion should in no way be construed as deciding the merits of the convictions on the misdemeanor counts. Those convictions are reviewable by the Circuit Court of Dade County, pursuant to Article V, §§ 5 and 6 of the Constitution of the State of Florida, F.S.A.;[1] and, under the authority of Rule 2.1, subd. a(5) (d), F.A.R., 31 F.S.A., this appeal, insofar as it is concerned with the misdemeanor convictions is transferred to the Circuit Court of Dade County by separate order.
We have carefully considered the law of search and seizure in light of the facts of this case and make the following observations. The search, conducted by the federal authorities was found by the trial court to have been lawful. We find no reason to disturb that finding. We have found no authority that forbids state use of evidence procured by federal authorities, pursuant to a federal search warrant, based on an affidavit by a federal officer, in the furtherance of an investigation of a federal offense. In fact, the law of our state is to the contrary.[2] "It is well settled that evidence obtained by lawful search made by virtue of a valid federal search warrant is admissible in a state criminal proceeding."[3]
Reversible error not having been made to appear in any respect, the judgments and sentences stand affirmed.
Affirmed.
TILLMAN PEARSON, Judge (concurring in part and dissenting in part).
I concur in all that is said relative to the merits of this decision. My only objection is to the transfer of a portion of the appeal to the circuit court. It is my view that Rule 2.1, subd. a(5) (d), F.A.R. does not authorize the transfer of a part of an appeal. The approval of such loose practice will permit an appeal to two courts by one notice of appeal.
NOTES
[1] Sharon v. State, Fla.App. 1963, 156 So.2d 677.
[2] Reddick v. State, Fla.App. 1958, 104 So.2d 413.
[3] Id. at 414, 415.