**James C. CHRISTIAN, a/k/a James Carlton Christian and Edgar P. Meli, Appellants,**

v.

**T. A. BUCHANAN, Sheriff of Dade County, Appellee.**

**No. 23837.**

United States Court of Appeals Fifth Circuit.

Jan. 24, 1967.

J. Edward Worton, Miami, Fla., for appellants.

Herbert P. Benn, Miami, Fla., George R. Georgieff, Asst. Atty. Gen., Tallahassee, Fla., Earl Faircloth, Atty. Gen., Richard E. Gerstein, State Atty., N. Joseph Durant, Jr., Asst. State Atty., Eleventh Judicial Circuit of Florida, for appellee.

Before TUTTLE, Chief Judge, and BELL and GOLDBERG, Circuit Judges.

PER CURIAM:

Appellants are incarcerated under state court sentences for violations of the Florida lottery laws. F.S.A. § 849.09. Their sentences were affirmed on appeal. Christian et al. v. State, 1965, Fla.Ct. App., Third Dist., 1965, 176 So.2d 561. Their applications for certiorari to the Supreme Court of Florida were dismissed on a procedural ground. It was agreed on oral argument that the issue here was presented in the state courts and we treat any state remedy available to appellants as having been exhausted. Cf. McDonald v. Moore, 5 Cir., 1965, 353 F.2d 106.

This appeal is from the denial of petitions for writs of habeas corpus. The petitions were grounded on the proposition that appellants' Fifth Amendment privilege against self-incrimination had been denied them by the State of Florida.

Christian was a gambler and Meli was his clerical employee. Christian was required by federal law to register, purchase a gambling stamp and pay the special federal taxes on wagering. 26 U.S.C.A. §§ 4401, 4411 and 4412. He was required to maintain daily records of wagers. 26 U.S.C.A. § 4403. The Fifth Amendment violation is alleged to stem from the introduction into evidence on the state trial of records being kept under the requirements of the federal statutes. No specific statute is referred to in the petitions nor are any specific records pointed to in the petition. The allegation in Christian's petition is that the evidence presented was " * * * in the form of records required by the Internal Revenue laws to be kept by me in connection with my occupation as a gambler." Meli alleged that the only evidence presented against him was in the form of records required by the Internal Revenue laws to be kept by his employer, Christian, in connection with his occupation as a gambler. The District Court summarily denied the petitions on the authority of Shapiro v. United States, 1948, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787.

Appellants contend that the *Shapiro* case is no longer a controlling authority. They urge that the case of Murphy v. Water-Front Comm'n of New York, 1964, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678, is now controlling and that one jurisdiction in the federal structure (the federal government) may not compel a witness to give testimony which might incriminate him under the laws of another jurisdiction (a state). They assert that the keeping of required records under the federal statutes on wagering falls in this category.

The difficulty we have with this matter is the sparsity of the record. The state court records were not before the District Court. The petitions were not answered and there was no factual hearing. It is not at all clear just what records, among other evidence, may have been introduced in the state court against appellants or whether any record required by the federal statutes was introduced. An exhibit attached to Christian's petition states that " * * * books, records, adding machines, currency, and automobiles * * * " were seized when appellants were arrested. At another point it is stated that substantially all of the pertinent evidence the State of Florida relied on " * * * consisted of books and records which had been taken from * * * " appellants.

The allegations of the petitions, taken with these statements, were sufficient to warrant an inquiry in the District Court to the end of determining whether any records maintained by Christian as a gambler under the requirements of federal statutes were actually introduced against appellants in the state trials. The constitutional question presented cannot be considered until that inquiry and factual determination are made.

The judgment of the District Court is reversed with direction that the record be developed to the extent of determining whether records maintained by Christian, as a gambler, pursuant to the requirements of federal wagering statutes were introduced against appellants on the state trials. The question presented will then be ripe for consideration anew by the District Court in the light of the appertaining facts.

Reversed and remanded with direction.