PER CURIAM.
The appellant, along with another, was charged with buying, receiving, or concealing stolen property, and petit larceny. Following a non-jury trial, they were convicted and sentenced accordingly, and this appeal has been duly prosecuted.
Appellant contends that the trial court erred in denying his motion to suppress, contending that the search which revealed the stolen property was incident to an illegal arrest, because the arrest was for the alleged crime of vagrancy, citing Lazarus v. Faircloth, D.C., S.D.Fla.1969, 301 F.Supp. 266, which held the vagrancy statute to be unconstitutional and, further, there was no probable cause that the appellant and his co-defendant were guilty of vagrancy. We reject this contention.
First, the decision in Lazarus v. Faircloth, supra, had not been rendered at the time of the arrest and, second, it is apparent from the record that the appellant and his co-defendant were engaged in activities which warranted the law enforcement officers having probable cause to believe that they were guilty of the crime of vagrancy. Hanks v. State, Fla.App.1967, 195 So.2d 49.
Appellant also contends the evidence was insufficient to support the charge of buying, receiving or concealing stolen property, to wit: certain credit cards. We also reject this contention. The record contains substantial competent evidence that the appellant had unexplained possession or control of recently stolen credit cards and this, together with the other circumstances revealed in the record, is sufficient to sustain his conviction. See: Ard v. State, Fla.1959, 108 So.2d 38.
This court is without jurisdiction to review the misdemeanor conviction and, upon termination of this matter in this court, same will be referred to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, as the proper forum to review this matter. Christian v. State, Fla.App.1965, 176 So.2d 561; Spina v. State, Fla.App.1966, 186 So.2d 808; Rule 2.1(a) (5) (d), Florida Appellate Rules, 32 F.S.A.
Therefore, for the reasons above stated, the felony conviction and sentence here under review, be and the same is hereby affirmed. Review of the misdemeanor conviction is transferred to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.
Affirmed in part, with directions.