PER CURIAM.
This is an appeal by the defendant, Roger Hamrick, from his judgment of conviction on four counts of robbery after a jury trial.
His claim that he was entitled to a twelve man jury for his trial in this matter is without merit. Hearns v. State, Fla.1969, 223 So.2d 738 and Williams v. State, Fla.App.1969, 224 So.2d 406.
Appellant argues that the trial court erred in admitting the testimony of a witness concerning his identification. His argument on this point is divided into two parts. The first part is directed towards the alleged illegality of his arrest and the fact that photographs were taken of him at the time he was booked. We have reviewed the record, briefs and authorities and do not find reversible error on the first part. See Newbold v. State, Fla.App.1969, 229 So.2d 876. Hanks v. State, Fla.App.1967, 195 So.2d 49; and Reeves v. State, Fla.App.1966, 187 So.2d 403. The appellant’s argument on the second part of this point has been reviewed and rejected in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).
Appellant claims the trial court erred in not granting his motion for mistrial because of allegedly prejudicial remarks which the prosecutor made during closing arguments. We have reviewed the remarks and do not find them sufficiently prejudicial to warrant reversal under the facts and inferences which could be drawn from the evidence presented in this case. See Collins v. State, Fla.1965, 180 So.2d 340; Spencer v. State, Fla.1961, 133 So.2d 729; Whitney v. State, Fla.1961, 132 So.2d 599; and Wingate v. State, Fla.App.1970, 232 So.2d 44.
*361 We have considered the other arguments advanced by appellant for reversal and find them to be insufficient to warrant reversal.
Affirmed.