256 So.2d 400 (1972)
Harold Wesley MYERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-581.
District Court of Appeal of Florida, Third District.
January 11, 1972.
*401 R.M. MacArthur, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Harry Purnell, Legal Intern, for appellee.
Before SWANN, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellant was indicted and tried for first degree murder. He was found guilty by a jury of murder in the second degree and was sentenced to imprisonment for life. On this appeal he has presented three points, the first two of which challenge the sufficiency of the evidence. The third urges that the defendant did not have a fair trial because of prejudicial remarks of the prosecuting attorney in the state's closing argument.
Appellant's first point urges the insufficiency of the evidence at the close of the state's case as to first degree murder. The error assigned is the failure of the trial court to direct a verdict as to first degree murder leaving to the jury only the determination of appellant's guilt as to lesser degrees of murder and included offenses. The principal argument advanced is that there was no showing of any premeditation. Our examination of the record convinces us that this point is without merit. Appellant was charged with the murder of his wife. The state's case included testimony as to violent quarrels which preceded by several hours the killing. In addition, it included testimony as to the wife's statement to a friend and neighbor that she was afraid he was going to kill her. This evidence taken into conjunction with appellant's actions preceding the killing and his later admission to police officers that it was the pressures of his job which caused him to do it and his admission on a different occasion that he had to kill her before someone else did was sufficient for the submission of the first degree murder charge to the jury.
The second point urges the insufficiency of the evidence to sustain the conviction *402 of second degree murder. This argument could only stand in event appellant was correct in his position that his admissions of guilt to six separate persons (five were police officers) were improperly admitted into evidence because of the claimed failure of the officers to give him the so-called Miranda warning.[1] Appellant was a police officer himself. One of the arresting officers testified that he attempted to give the Miranda warnings but the defendant stopped him saying, "I know my rights better than you. I'm a professional police officer." When a second police officer attempted to give the same warnings appellant told the police officer that he knew and understood his rights. Chief Justice Warren states in Miranda, supra:
* * * * * *
"There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."
* * * * * *
384 U.S. at 478, 86 S.Ct. at 1630, 16 L.Ed.2d at 726. We hold that where the state makes every reasonable effort to inform a defendant of his rights and the defendant refuses to listen that it is not necessary for the state to hold him down and read them to him. Cameron v. State, Fla.App. 1968, 214 So.2d 370; Ballay v. People, 160 Colo. 309, 419 P.2d 446 (1966).
We think that appellant's claim that his statements were inadmissible because of the absence of Miranda warnings is unavailing for another reason. The record reveals that appellant's statements were voluntarily given without custodial interrogation. See Biglow v. State, Fla.App. 1967, 205 So.2d 547 and cases cited therein.
Appellant's third point urging that he was deprived of a fair trial by prejudicial statements by the prosecutor in closing argument requires a determination as to whether the remarks were, under the circumstances of this case, prejudicial. The remarks assigned were actually either inaccurate or overreaching statements as to the testimony and meaning of the testimony of state's witnesses. There is nothing in this record to indicate that the statements complained of were willfully inaccurate. They consisted of conclusions from the evidence which were in every instance in the nature of argument from facts which the record did establish. We believe that they did not deprive appellant of a fair trial. Only two of the statements were objected to and none were inflammatory in nature. The jury was carefully instructed by the court that the closing arguments of counsel were not evidence and that the jury was to look to the testimony as elicited from the witnesses and not as paraphrased by attorneys. The effectiveness of this warning was demonstrated by the jury's careful consideration of the case including several instances when the jury requested that portions of the testimony of a witness be reread to them. In addition, a reading of this record convinces us that the proof of appellant's guilt was clear and convincing. We hold that none of the remarks objected to constituted prejudicial error nor do they constitute grounds for reversal upon the basis that appellant did not receive a fair trial. Hamrick v. State, Fla.App. 1970, 235 So.2d 360; Wingate v. State, Fla.App. 1970, 232 So.2d 44; Collins v. State, Fla. 1970, 180 So.2d 340. Accordingly, judgment and sentence are affirmed.
Affirmed.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).