305 So.2d 50 (1974)
Stephen WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 74-292.
District Court of Appeal of Florida, Third District.
October 22, 1974.
Rehearing Denied January 10, 1975.
*51 Phillip A. Hubbart, Public Defender, and Kathleen Gallagher, Asst. Public Defender, and Karen Gottlieb, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., and Elliot H. Scherker, Legal Intern, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant appeals his conviction on three counts of an information: Count I, conspiracy to commit a felony, to-wit: robbery; Count II, attempted robbery; and Count III, aggravated assault.
A jury trial was held. After the State rested, the defense moved for a directed verdict on the third count which was granted ore tenus, and defendant claims a notation of this was made in the jacket of the file. The court thereafter set the ruling aside, reinstating such count and reducing it from assault with intent to commit murder, to aggravated assault. The jury returned a verdict of guilty on all three counts. Defendant was adjudged guilty and sentenced to fifteen years on Count I, conspiracy to commit robbery, and five years on Count II, attempted robbery, to run concurrently with the sentence of Count I. Imposition of sentence on Count III, aggravated assault, was withheld. Defendant's motion for new trial was denied and this appeal ensued.
The defendant raises three points on appeal. (1) The trial court erred in reducing the offense charged in Count III after granting a directed verdict on that Count. (2) The trial court erred in denying defendant's motion for mistrial when the court commented on the evidence to the jury. (3) The trial court erred in denying defendant's motion for mistrial where the prosecutor made prejudicial remarks in his closing argument.
Considering the merits of the first point, the trial court did not err by setting aside his ruling and reducing the charge. The directed verdict, delivered orally, had *52 not been rendered, and was, therefore, subject to alteration. In Ellis v. State, 1930, 100 Fla. 27, 129 So. 106, at page 109, it is stated that, "While in one sense a judgment is `rendered' when it is announced by a judge, yet until that judgment is entered of record, there is no competent evidence of such rendition." A judgment or order is "rendered" when it has been reduced to writing, signed and made a matter of record, or if recording is not required, then filed. See Rule 1.3, Florida Appellate Rules, 1962 Revision.
As to his second point, the defendant alleges impropriety and prejudice in the court's statement that he was "... ruling that there is sufficient evidence on which you may or may not find the defendant guilty of aggravated assault in that third Count ..." At the outset, we note that this remark was made at the conclusion of the State's case, and prior to presentation of the defendant's case, as an explanation of the reduction of the charge of assault with intent to commit murder to aggravated assault. Where the comment of a judge expresses or tends to express the judge's view as to the weight of the evidence, the credibility of a witness, or the guilt of an accused, it may, depending on the factual circumstances, destroy the impartiality of the trial. Kellum v. State, Fla.App. 1959, 104 So.2d 99. We find, however, that the court's remarks as delineated above, were to give proper guidance to the jury rather than to comment on the guilt of the appellant, and as such, did not deny the defendant a fair and impartial trial.
Addressing ourselves to defendant's third contention, the motion for mistrial was properly denied because the comments in the prosecutor's closing argument pertained to the facts in the case and were not prejudicial. As a general rule, a considerable degree of latitude is allowed prosecutors in closing argument, and logical inferences from the evidence are permissible. See Spencer v. State, Fla. 1961, 133 So.2d 729; Myers v. State, Fla.App. 1972, 256 So.2d 400; Hamrick v. State, Fla.App. 1970, 235 So.2d 360.
For the foregoing reasons, the judgment and conviction be and the same hereby are affirmed.
Affirmed.