426 So.2d 1154 (1983)
MT. SINAI HOSPITAL OF GREATER MIAMI, Appellant,
v.
Oscar STEINER and Gladys Steiner, Individually and As His Wife, Appellees.
No. 82-565.
District Court of Appeal of Florida, Third District.
February 8, 1983.
Rehearing Denied March 16, 1983.
*1155 Lanza, Sevier & Womack and Judith A. Bass and Ceasar Armstrong, Miami, for appellant.
Silver, Levy & Hershoff and George M. Nachwalter and Jay Levy, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
We reverse the trial court's order granting a new trial. Although counsel for appellee requested a mistrial when the court discharged a juror for taking notes, he failed to object to continuing the trial with fewer than six jurors.[1] Had he afforded the trial court an opportunity to consider the ground he now asserts on appeal; i.e., proceeding with only five jurors, he would have preserved the ruling for our review. However, neither at trial nor in his motion for new trial did appellee present that issue; his only argument was directed to the reason the court discharged the juror.[2] An appellate court will not consider any ground for objection not presented to the trial court; review is limited to the specific grounds raised below. Mizell Live Stock Co. v. J.J. McCaskill Co., 59 Fla. 322, 51 So. 547 (1910); Pittman v. State, 51 Fla. 94, 41 So. 385 (1906); Sunland Hospital v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982).
We therefore hold that appellee, having waived his objection to proceeding with a five-person jury, is not entitled to a new trial.
Reversed and remanded with instructions to reinstate the jury verdict.
NOTES
[1] Before the trial commenced, the parties stipulated that instead of selecting an alternate juror, they would proceed with fewer than six jurors in the event one of the jurors became disabled. Our finding of waiver makes it unnecessary for us to address the question of the correct interpretation of the stipulation.
[2] NACHWALTER: For the record, I want to respectfully move for a mistrial.
THE COURT: I deny it.
MR. NACHWALTER: I want to protect the record.
THE COURT: Bring the jury back.
MR. NACHWALTER: My reason being 
THE COURT: You don't have to give a reason.
MR. NACHWALTER: Because I don't recall ever being an instruction that they couldn't take notes.
MR. LANZA: There doesn't have to be.
THE COURT: Bring the jury in. (emphasis added).