505 So.2d 596 (1987)
Jeffrie K. AVERY, Appellant,
v.
STATE of Florida, Appellee.
No. BI-446.
District Court of Appeal of Florida, First District.
April 10, 1987.
Michael E. Allen, Public Defender and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
*597 ERVIN, Judge.
The appellant was convicted of grand theft and sentenced to 2 1/2 years incarceration. Three issues are submitted on appeal: 1. The trial court erred in denying the defense motions for judgment of acquittal and directed verdict; 2. the trial court erred in relying on a facially incorrect scoresheet; and 3. the trial court erred in sentencing the appellant as a habitual offender without specifically finding that such sentencing was necessary for the protection of the public. We affirm as to issue one, but reverse and remand as to issues two and three.
The appellant was found guilty of grand theft of $124.06, taken from a cash drawer which had the appellant's fingerprints on it. The appellant argues that unless the state was able to prove that the fingerprints could have been left only at the time the theft occurred, the defendant's alternative version of when his prints were placed on the cash drawer must be accepted as true. The defendant's version, however, need not be accepted if it is contradicted by other proof showing the version to be false. Sorey v. State, 419 So.2d 810 (Fla. 3rd DCA 1982), petition for rev. denied, 476 So.2d 675 (Fla. 1985). Here, the state presented adequate circumstantial evidence which, when coupled with the appellant's fingerprints found on the cash drawer, was sufficient to allow the trial court judge to send the case to the jury.
Pursuant to Section 775.084(3)(b), Florida Statutes, the state filed a notice of habitual offender status. On the appellant's guideline scoresheet, the primary offense at conviction, grand theft, was then incorrectly scored as a second degree felony, rather than as a third degree felony as provided by Section 812.014(2)(b), Florida Statutes. The appellant was scored with a total of 58 points, whereas a proper classification would have given him a total of 36 points and placed him in the range of any non-state prison sanction, rather than subjecting him to 2 1/2 to 3 1/2 years incarceration. This reclassification was clearly in error as the habitual offender statute "does not reclassify crimes as higher substantive crimes; it merely prescribes longer penalties." Dominguez v. State, 461 So.2d 277 (Fla. 5th DCA 1985). See also Jennings v. State, 498 So.2d 1373 (Fla. 1st DCA 1986).
The trial court also failed to state specific reasons why the imposition of the appellant's sentence under the habitual offender statute was "necessary for the protection of the public from further criminal activity by the defendant." Section 775.084(4)(a), Florida Statutes. In determining that a defendant qualifies under the habitual offender statute, a trial court must state the underlying facts and circumstances relied upon in making such a determination. Rosemond v. State, 489 So.2d 1185, 1186 (Fla. 1st DCA 1986). The court's conclusive determination in this case, merely reiterating the words of the statute, is insufficient to justify the imposition of an enhanced sentence.
On remand, a proper scoresheet must be prepared reflecting the primary offense at conviction as a third degree felony. Should the trial court again wish to classify the appellant as a habitual offender, specific reasons for so doing must be stated, as required by the statute. We note that the habitual offender statute only concerns the maximum penalty which may be imposed by law; in this case, a term not exceeding ten years. Section 775.084(4)(a)3.
If, on remand, the trial court also decides to depart from the recommended range provided by the guidelines  any non-state prison sanction  it may not use appellant's status as a habitual felon as a reason, Whitehead v. State, 498 So.2d 863 (Fla. 1986), but must state other clear and convincing reasons for departing. Additionally, because of the questionable vitality of the habitual offender statute in light of some of the language in Whitehead, we certify the following question as being one of great public importance:
DOES A TRIAL COURT RETAIN THE AUTHORITY TO CLASSIFY AND SENTENCE A DEFENDANT AS A HABITUAL OFFENDER, FOLLOWING THE *598 ADOPTION OF GUIDELINE SENTENCING?
REVERSED and REMANDED for further proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.