PER CURIAM.
This is an appeal by the defendant Percy Johnson from judgments of conviction and sentences for burglary of a structure, petit theft, and sexual battery with slight force, based on an adverse jury verdict. We affirm based on the following briefly stated legal analysis.
First, the trial court did not err in denying the defendant’s motion for judgment of acquittal at trial. The state presented sufficient circumstantial evidence to send this case to the jury. See Heiney v. State, 447 So.2d 210, 212 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Avery v. State, 505 So.2d 596, 597 (Fla. 1st DCA 1987); L.S. v. State, 446 So.2d 1148, 1150 (Fla. 3d DCA 1984), aff'd, 464 So.2d 1195 (Fla.1985); Sorey v. State, 419 So.2d 810, 814 (Fla. 3d DCA 1982), rev. denied, 476 So.2d 675 (Fla.1985).
Second, the trial court properly denied the defendant’s motion for mistrial based on the prosecutor’s comment during closing argument that the defendant’s sister didn’t know where the defendant was at the time of the charged offenses, indicating “no alibi.” This is so because the comment was based on the aforesaid sister’s testimony presented, without objection, to the jury that the sister, in fact, did not know where the defendant was at the time of the charged offenses. Stated differently, the comment was proper because it was based on unobjected-to testimony presented to the jury. See White v. State, 377 So.2d 1149, 1150 (Fla.1979), cert. denied, 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54 (1980); Smiley v. State, 395 So.2d 235, 237 (Fla. 1st DCA 1981); Wilson v. State, 305 So.2d 50, 52 (Fla. 3d DCA 1974); Newton v. State, 272 So.2d 15, 18 (Fla. 3d DCA), cert. denied, 278 So.2d 627 (Fla.1973), cert. denied, 414 U.S. 1157, 94 S.Ct. 914, 39 L.Ed.2d 109 (1974); Roach v. State, 241 So.2d 742, 742 (Fla. 3d DCA 1970). This latter factor distinguishes this case, in our view, from Lane v. State, 459 So.2d 1145 (Fla. 3d DCA 1984) and Bayshore v. State, 437 So.2d 198 (Fla. 3d DCA 1983), relied on by the defendant.
The final judgments of conviction and sentences under review are, therefore,
Affirmed.