548 So.2d 801 (1989)
Bernard GRAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1094.
District Court of Appeal of Florida, First District.
September 6, 1989.
Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant raises two issues in his appeal from a judgment of conviction and sentence for battery on a law enforcement officer. We affirm the conviction, but vacate *802 the sentence and remand for resentencing.
The appellant, a prisoner at Baker Correctional Institution, was approached by Correctional Officer Cole who saw appellant put something in his mouth. The officer grabbed appellant by the throat, but appellant shoved the officer aside and fled towards another section of the prison. Officer Cole managed to grab appellant, and the two fell to the floor in a scuffle. Appellant wrestled free, but was apprehended shortly thereafter by Cole and another officer. Cole attempted to handcuff appellant who wanted to first remove his wrist watch. The officers would not permit the appellant to remove the watch and another scuffle ensued.
Appellant was charged with battery upon a law enforcement officer. At trial, Officer Cole testified as a state witness. During cross-examination, the appellant asked Cole if he knew that unnecessary and unlawful use of force against an inmate could cause an officer to be terminated or subjected to criminal charges. The officer answered affirmatively before the state objected on the ground that the question was irrelevant. The trial court sustained the objection, and Cole's response was stricken from the record. Without elaborating further, the appellant argued to the trial court that the question was relevant for impeachment purposes, but the trial court refused to change its ruling.
The jury found appellant guilty as charged; the trial court adjudicated him guilty, and the appellant was sentenced as a habitual offender to ten years. The trial court, in its written explanation, noted that appellant had previously committed an armed robbery and found that sentencing under the habitual offender statute, section 775.084, Florida Statutes (1987), was "necessary for the protection of the public ..."
In the first issue raised on appeal, appellant argues the trial court erred in granting the state's relevancy objection to the appellant's cross-examination of Officer Cole. On appeal, the appellant argues that the trial court prevented appellant from proving that his conduct was in self-defense against excessive force. As noted above, this was not the argument made to the trial court. "An appellate court will not consider any ground for objection not presented to the trial court; review is limited to the specific grounds raised below." Mt. Sinai Hospital of Greater Miami v. Steiner, 426 So.2d 1154, 1155 (Fla. 3d DCA 1983). See also Johnson v. Canteen Corp., 528 So.2d 1364 (Fla. 3d DCA 1988), and Palm Beach Aviation v. Kibildis, 423 So.2d 1011 (Fla. 4th DCA 1982).
Appellant argues further that the trial court erred in sentencing him as a habitual offender. The state concedes that the trial court's reason is insufficient. See Avery v. State, 505 So.2d 596 (Fla. 1st DCA 1987) (merely reiterating the words of the statute insufficient to justify imposing an enhanced sentence under section 775.084(4)(a), Florida Statutes). Accordingly, the sentence must be vacated and the cause remanded for resentencing. If the trial court should wish to again classify the appellant as a habitual offender, it must state the underlying facts and circumstances relied upon in making such a finding.
In sum, the appellant's conviction is AFFIRMED, but the sentence VACATED and the cause REMANDED.
MINER, J., and PEARSON, TILLMAN (Retired), Associate Judge, concur.