PER CURIAM.
Ernest Stewart appeals the summary denial of his unsworn motion to vacate or correct sentence, filed pursuant to rule 3.800(a). Mr. Stewart maintains that his sentence was an illegal guidelines sentence of fifteen years for a third-degree felony. The trial court apparently concluded that the offense was a second-degree felony and determined that the sentencing judge had intended to impose a habitual felony offender sentence. Thus, it declared the sentence legal and entered a “nunc pro tunc” order amending the earlier sentence to reflect that it was imposed pursuant to the habitual felony offender statute. We reverse and remand for further proceedings because the attachments to the appealed order are insufficient to support the ruling.
This record does not contain the challenged sentence. The only scoresheet before us appears to be an incorrect score-sheet that may have been an estimate prepared by the defendant. That scoresheet claims the offense is a third-degree felony. However, there are other references in the record to a drug offense that would be a second-degree felony.
It is clear from the attached documents that the state sought a habitual offender sentence following the defendant’s convictions. At a sentencing hearing on January 23, 1990, the trial court obviously intended to impose a habitual offender sentence. However, the defendant was not represented at that hearing, and the trial court decided to vacate that sentence at a subsequent hearing on February 6, 1990. The trial court scheduled another sentencing hearing. We have no information concerning whether that hearing occurred and, if so, what sentence was imposed.
Interestingly, Mr. Stewart has filed a copy of a letter from his counsel on direct appeal explaining that the habitual offender box had not been checked on his sentence. The attorney explained that an appeal of this error would simply result in a remand for a new sentencing hearing at which the defendant could be properly ha-bitualized. See Graves v. State, 548 So.2d 801 (Fla. 1st DCA 1989); Johnson v. State, 576 So.2d 916 (Fla. 2d DCA 1991). Apparently, the defendant’s counsel convinced him to dismiss the appeal so that he could receive the gain time associated with a nonhabitual sentence. See § 775.084(4)(e), Fla.Stat. (1989). By filing this postconviction proceeding, it is possible that the defendant may lose the gain time that his attorney saved through the dismissal of the direct appeal.
In light of our limited record, we express no opinion at this time concerning the trial court’s ability to correct the sentence under rule 3.800(a) by a nunc pro tunc notation of a habitual offender status. We remand for further consideration of Stewart’s claim. The court may conduct an evidentiary hearing, or it may again deny the motion without a hearing and attach those portions of the record that conclusively demonstrate Stewart is clearly entitled to no relief. Any party aggrieved by the trial court’s subsequent action must file a notice of appeal within thirty days to obtain further appellate review.
DANAHY, A.C.J., and FRANK and ALTENBERND, JJ., concur.