647 So.2d 219 (1994)
Ernest STEWART, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 94-02737.
District Court of Appeal of Florida, Second District.
August 31, 1994.
LAZZARA, Judge.
Ernest Stewart appeals the trial court's order that denied in part and granted in part his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We dismiss this appeal without prejudice because we conclude that, given the present state of the case before the trial court, we have no jurisdiction to consider the merits of Stewart's claims.
The events leading up to the trial court's order represent a legal and procedural quagmire in the realm of habitual offender and guidelines sentencing law which we detailed in Stewart's prior appearance before us. Stewart v. State, 608 So.2d 536 (Fla. 2d DCA 1992). Following our remand, the trial court entered another order that Stewart appealed. Stewart then voluntarily dismissed this appeal. Stewart v. State, 619 So.2d 964 (Fla. 2d DCA 1993).
Stewart's latest motion again challenged the legality of a fifteen-year sentence he received in January of 1990 for sale of cocaine. He alleged that this sentence constituted an impermissible upward departure from the sentencing guidelines because it was unsupported by any written reasons. He thus asserted that he was entitled to be resentenced within the recommended guidelines range, which he calculated to be three and one-half to four and one-half years. As we previously noted, however, the scoresheet prepared by Stewart "appears to be an incorrect scoresheet that may have been an estimate... ." Stewart, 608 So.2d at 537.
Although Stewart's basic allegations are straightforward, they are complicated by the fact that at the time of his sentencing, the original trial court intended to impose a habitual *220 offender sentence. The record shows, however, that the court never made the requisite statutory findings supporting such a sentence. Furthermore, the original judgment and sentence reflect the imposition of a non-habitual term of imprisonment.
The trial court determined that Stewart was entitled to be resentenced and thus granted his motion to that extent. It also ruled that although Stewart could not be resentenced as a habitual felony offender, he could be subjected to a departure sentence if valid reasons for such a sentence existed. The trial court thus denied that aspect of Stewart's motion seeking an automatic sentence within the guidelines. Stewart then appealed before he could be resentenced.
Based on the present posture of the case, it is clear that the trial court's judicial labor has not yet ended because Stewart has not been resentenced.[1] We conclude, therefore, that until the trial court resentences Stewart, this case will not be marked with the finality that is required to invoke our appellate jurisdiction. See McGurn v. Scott, 596 So.2d 1042 (Fla. 1992); White v. State, 450 So.2d 556 (Fla. 2d DCA 1984). See also In re United States, 898 F.2d 1485, 1487 (11th Cir.1990) ("A final, appealable order is one that has `a final and irreparable effect on the rights of the parties.'").
Accordingly, we dismiss this appeal and hold that only after the trial court resentences Stewart will we have the jurisdiction to determine whether the "final and irreparable effect" of any new sentence violates his right to the imposition of a legal sentence under the sentencing guidelines. To that end, if Stewart is aggrieved by the trial court's new sentence, he must file a notice of appeal within thirty days of its rendition to obtain further appellate review.
Appeal dismissed.
DANAHY, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] A critical aspect of this labor will be the preparation and approval of an accurate scoresheet in accordance with Florida Rule of Criminal Procedure 3.701(d)(1), which the record reflects has never been done in this case.