311 So.2d 693 (1975)
CITY OF MIAMI, Appellant,
v.
Joseph VEARGIS, Sr., Appellee.
No. 74-804.
District Court of Appeal of Florida, Third District.
April 1, 1975.
Rehearing Denied May 12, 1975.
*694 John S. Lloyd, City Atty. and Montague Rosenberg, Asst. City Atty., for appellant.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, and William Bruce Harper, Jr., Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant, the City of Miami, seeks review of an order granting a new trial.
Plaintiff-appellee, Joseph Veargis, Sr. filed a complaint for negligence against the City of Miami. This action arose out of the fatal shooting of plaintiff's son by a City of Miami police officer. The cause proceeded to be tried by jury which returned a verdict in favor of the defendant-appellant. Thereafter, plaintiff filed a motion for new trial. The trial judge, having determined that the verdict was the result of bias and prejudice attributed to the tactics employed by counsel for defense, granted plaintiff's motion for a new trial.
On appeal, defendant basically contends that the trial court erred in ordering a new trial. We disagree.
In disposing of this issue the following principles of law must be borne in mind: (1) if prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury, a new trial should be awarded. Seaboard AirLine Railroad Co. v. Strickland, Fla. 1956, 88 So.2d 519; (2) the granting or denying of a motion for new trial is within the sound broad discretion of the trial judge who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of the fact, the jurors, is reached. Cloud v. Fallis, Fla. 1959, 110 So.2d 669, and (3) in determining whether or not to upset a trial judge's order granting a new trial after a jury returned verdict, it is not sufficient for the reviewing court merely to detect the presence of competent substantial evidence at the trial to support the jury's verdict. Hendricks v. Dailey, Fla. 1968, 208 So.2d 101.
Turning to the case at bar, in light of the above principles of law we note that the trial judge in his order granting a new trial set out in detail those tactics of defense counsel which so inflamed and prejudiced the jury that its concern was diverted from the issues of the lawsuit and a fair consideration of the evidence. These tactics included the repeated use of the term "fleeing felon" (with reference to the deceased) despite cautioning by the court previous thereto and defense counsel's reference to and open display of an alleged packet of marijuana as being marijuana in the presence of the jury in spite of the court's ruling that this packet proffered by defense counsel was inadmissible. Fair deliberation by the jury was obliterated further by the remarks of the defense directed to numerous unknown articles and pictures which were on display at the defense table, but never introduced into evidence.
The record on appeal amply supports the conclusion that the improper remarks of counsel, the repeated injections of matters outside the record and matters not in issue prevented the plaintiff from receiving a fair trial. Thus, we find no abuse of discretion on the part of the trial *695 judge in granting a new trial. We have considered also appellant's other two points on appeal and find them to be without merit.
Accordingly, the order herein appealed is affirmed.
Affirmed.