PER CURIAM.
We affirm the trial court’s order granting United Sanitation Services’s motion for a new trial on the issue of damages only and thus need not reach the issues presented in United’s cross-appeal.
Eugene Morris sued United and others for damages arising out of a motor vehicle accident between Morris’s automobile and a garbage truck owned by United. Following a jury trial a verdict was returned establishing liability, apportioning negligence and setting damages. The trial court in its order granting a new trial on the issue of damages only made the following findings:
[T]he evidence was uncontroverted that the Plaintiff, a professional football player at the time of the accident, reported to training camp with the Miami Dolphins for the 1976 football season subsequent to the accident and passed a required physical examination by the team physician, who found Plaintiff physically capable of playing professional football. Thereafter, the Plaintiff was traded to the San Diego Chargers for reasons not connected to the accident of March, 1976, and Plaintiff played football for them during the 1976 season.
It is further undisputed that the Plaintiff simply refused to submit to the required physical examination by the team physician of the San Diego Chargers and elected not to report to their training camp for the 1977 football season or thereafter. The Plaintiff had contracts to play professional football with the National Football League, which contracts *105 had two years remaining (1977 and 1978 seasons) and one option year thereafter.
The evidence in toto clearly established that the Plaintiff elected to retire from professional football after the 1976 season and Plaintiff testified that he received deferred compensation during the years 1977 and 1978; which compensation was earned during prior seasons in which Plaintiff played professional football. Thus, this Court erred in permitting the jury to consider lost earnings from Plaintiff’s not playing professional football for the 1977, 1978 and 1979 seasons as a result of the accident of March, 1976.
In conclusion, the evidence will not support damages to the Plaintiff in the amount of $1,000,000 as a result of the accident of March, 1976. ...
The trial court made the requisite factual findings and no abuse of discretion is shown on this record. See Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Equitable Life Assurance Society of the United States v. Fairbanks, 400 So.2d 550. (Fla. 4th DCA 1981); McInerney Ford, Inc. v. LeMire, 399 So.2d 442 (Fla. 5th DCA 1981); Rivera v. White, 386 So.2d 1233 (Fla. 3d DCA 1980); City of Miami v. Veargis, 311 So.2d 693 (Fla. 3d DCA 1975).
Affirmed.