PER CURIAM.
Appellants seek review of an order of the trial court granting a new trial on the grounds that final argument to the jury by defendants’ counsel was so improper and prejudicial that as a result thereof plaintiff was denied a fair trial.
Appellants urge reversal of the order granting a new trial and that the final judgment entered upon the jury verdict be reinstated.
Trial judges are vested with broad discretion in granting new trials, and appellate courts will not reverse an order granting new trial absent a clear abuse of that discretion. Cloud v. Fallís, 110 So.2d 669 (Fla.1959); Weems v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1221 (Fla.1978); City of Miami v. Veargis, 311 So.2d 693 (Fla. 3d DCA 1975).
Appellants have failed to demonstrate that the trial judge abused his broad discretion in granting appellee a new trial. See Seshadri v. Morales, 412 So.2d 39 (Fla. 3d DCA 1982); Erie Insurance Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981); Martin v. State Farm Mut. Auto. Ins. Co., 392 So.2d 11 (Fla. 5th DCA 1980); Eastern S.S. Lines, Inc. v. Martial, 380 So.2d 1070 (Fla. 3d DCA), cert. denied, 388 So.2d 1115 (Fla. 1980); City of Miami v. Veargis, supra. Accordingly, the order appealed is affirmed.
Affirmed.