JORGENSON, Judge,
dissenting.
I respectfully dissent. In my view, the verdict was against the manifest weight of the evidence.
*190 Mrs. Alfred was injured in an automobile accident on December 18, 1984. She sued the appellant for negligence. The only issues at trial were whether permanent injury was sustained and what damages were suffered.
In 1982 and 1983, Mrs. Alfred worked as a food chemist with Keyes Pharmaceuticals earning $14,500 per year. She left her job with Keyes in 1983. At the time of the accident, Mrs. Alfred was working for Vantage Personnel because she could not find a job in her field.
Following the accident, Mrs. Alfred missed one week of work. One week after she returned to work, her temporary job with Vantage Personnel terminated. For reasons unexplained at trial, Mrs. Alfred did not return to work until May of 1985, when she began working as a chemist for Pepsi-Cola, earning $18,000 per year. While working at Pepsi, Mrs. Alfred also started her own business. In June of 1987, for personal reasons unrelated to the accident, Mrs. Alfred stopped working for Pepsi-Cola and returned to her home in Jamaica. When she returned to Miami from Jamaica in 1988, she did not attempt to regain her employment position with Pepsi-Cola. Mrs. Alfred has been self-employed since that time.
At trial, there was conflicting medical testimony regarding the severity and permanence of Mrs. Alfred’s injury. There was also testimony from a vocational rehabilitation expert, who testified that there is a good market for employment as a chemist in Dade and Broward Counties and that such jobs paid anywhere from $24,000 to $30,000 a year.
The jury determined that no permanent injury was sustained and awarded Mrs. Alfred $53,000 for unpaid medical expenses [1] and lost wages.
No competent evidence was presented to prove that Mrs. Alfred’s lapses in employment were related to the accident and not merely personal choices not to work. Therefore, based on the evidence presented, there was no rational predicate for the jury’s award of $51,200 in lost wages. See Morris v. United Sanitation Servs., 432 So.2d 104 (Fla. 3d DCA 1983) (evidence did not support damage award in view of fact that trial court improperly permitted jury to consider lost earnings resulting from appellant’s not playing professional football for three years subsequent to automobile accident where evidence established that appellant elected to retire for reasons unrelated to accident).
Accordingly, I would reverse the final judgment under review and direct that judgment for the defendant be entered on his motion for directed verdict. Rakita v. Rose, 547 So.2d 154 (Fla. 3d DCA 1989), rev. denied, 558 So.2d 19 (Fla.1990).

. Unpaid medical expenses totalled $1,800.