317 So.2d 807 (1975)
Leonard Earl ATKINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 74-590.
District Court of Appeal of Florida, Fourth District.
July 25, 1975.
James C. Dauksch, Jr., of Dauksch & Brownlee, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
At the commencement of appellant's criminal trial the court ordered the sequestration of all witnesses. Subsequently, deeming two of appellant's alibi witnesses to have violated the order of sequestration, or "rule" as it is frequently called, the judge disqualified them from testifying. We hold that under the facts of this case such was prejudicial error requiring the judgment to be reversed and appellant to be afforded a new trial.
At the commencement of the trial, after the jury had been selected and sworn, the court ordered the sequestration of the witnesses, or as it is more commonly called, "put the witnesses under the rule". The judge instructed the witnesses that they were required to remain out of the courtroom at all times except when called to testify, and that both before and after testifying they should not discuss any of the facts of the case among themselves nor discuss with any other witness who had previously testified the nature or substance of his testimony. Although cautioning the *808 witnesses as to the penalties for violation of the order, the judge explained that the order did not prohibit them from discussing the case with counsel for either the State or the defendant.
The court's order of sequestration was in accordance with a time honored practice designed to prevent the shaping of testimony by hearing what other witnesses say, Taylor v. United States, 388 F.2d 786 (9th Cir.1967), such practice having its roots in antiquity. See, 6 Wigmore, Evidence §§ 1837 et seq. (3rd Ed. 1940). Although at different times courts have, in the exercise of discretion, actually separated the witnesses from one another so as to preclude all conversation between them, separation to this extent is rarely done since it is not only impractical but serves no useful purpose so long as the prospective witnesses abide by the court's instructions. This is in recognition of the fact that conversations between prospective witnesses on matters unrelated to the facts of the case are not harmful and need not be prohibited. They were not prohibited in the instant case.
Appellant's defense was alibi, for which he had three witnesses. After the first witness had testified, the State objected to appellant calling the remaining two, alleging they had violated the court's order of sequestration. It developed, upon the court's voir dire examination of five persons purporting to have knowledge of the alleged violation (including the two prospective alibi witnesses) that the only proof relating at all to the State's allegation merely established that the two prospective alibi witnesses had been conversing with one another, a fact which each readily admitted. However, there was not the slightest evidence developed which contradicted their emphatic denial of having discussed the case or their possible testimony. Nevertheless, and without more, the court ruled that appellant's two prospective alibi witnesses were disqualified from testifying.
At the outset, we question whether there was a valid basis for the court's apparent conclusion that the witnesses had violated the rule of sequestration as there is a total absence of any proof to that effect. Neither the court's expressed instructions in this case, nor the commonly accepted construction of the rule's requirements prohibit absolutely all conversation between or among prospective witnesses. It is only conversation relating to the facts of the case which is proscribed. While the judge was not bound to accept as true the prospective witnesses' denial of a violation of the rule, there does not appear to be any basis for him to assume, in the absence of other proof, that the prospective witnesses had in fact violated the court's rule. Though we are inclined to disagree with the court's conclusion, our decision in this case does not turn upon a determination of whether or not the court's rule was in fact violated.
Working from the premise that there was sufficient evidence from which the trial court could properly conclude that the two prospective alibi witnesses had violated the court's order of sequestration, we hold that it was reversible error for the court to disqualify the witnesses from testifying absent a finding that the rule violation was with the knowledge, connivance, or consent of the defendant or his counsel.
In the leading case of Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893), the court stated:
"If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt, and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground, merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court." (e.s.)
*809 While the United States Supreme Court did not spell out the "particular circumstances" which would support a refusal to permit the witness to testify, this was discussed in the opinion in United States v. Schaefer, 299 F.2d 625, 14 ALR 3rd 1 (7th Cir.1962), cert. denied 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497 (1962), wherein the court stated, at 631:
"However, we interpret Holder to mean the court may not disqualify the witness merely because he disobeys the rule but that this alternative is available if particular circumstances are shown. From the better reasoned state court decisions we interpret these particular circumstances to mean some indication the witness was in court with `the consent, connivance, procurement or knowledge of the appellant or his counsel'." (e.s.)
Other courts have also recognized that the proper recourse against a witness who violates the court's rule of sequestration is to hold the witness in contempt, but that such conduct, while a proper consideration for the jury in determining the witness's credibility, should not be the basis of disqualification of a witness for a defendant in a criminal case because of the accused's constitutional right to have witnesses testify in his behalf. See, State v. Leong, 51 Haw. 581, 465 P.2d 560 (1970); Rainsberger v. State, 76 Nev. 158, 350 P.2d 995 (1960); Braswell v. Wainwright, 463 F.2d 1148 (5th Cir.1972). This represents what we feel to be the better view, although there is respectable authority to the contrary. See, 75 Am.Jur.2d, Trial, § 63 (1974), and cases cited therein.
Here, completely aside from the questionable evidence of violation of the rule, there was a complete lack of evidence supporting even the slightest inference that the alleged violation was with the knowledge, connivance, or consent of appellant or his counsel. It was thus error for the court to disqualify the two prospective alibi witnesses from testifying on appellant's behalf. Since alibi was the heart of appellant's defense, such error was harmful.
We have considered appellant's remaining points on appeal and conclude that none of them demonstrate reversible error nor require discussion. The judgment is reversed and this cause remanded with directions that appellant be afforded a new trial.
Reversed and remanded.
WALDEN, C.J., and DOWNEY, J., concur.