350 So.2d 464 (1977)
William Alexander DUMAS, Petitioner,
v.
STATE of Florida, Respondent.
No. 50124.
Supreme Court of Florida.
September 29, 1977.
*465 Richard L. Jorandby, Public Defender, and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen., and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for respondent.
ENGLAND, Justice.
This case is here on the basis of a direct conflict between the decision of the Fourth District Court of Appeal affirming petitioner's criminal convictions,[1] and the holding in Atkinson v. State, 317 So.2d 807 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 21 (Fla. 1976), to the effect that a trial court may not disqualify a witness "from testifying [for a violation of the rule of sequestration] absent a finding that the rule violation was with the knowledge, connivance, or consent of the defendant or his counsel."[2] In the case now before us, a defense witness was not permitted to testify simply because he had been present in the courtroom to hear the testimony of other witnesses, without any inquiry by the trial judge as to the circumstances of his presence.[3]
Dumas claims that the apparent breach of this procedural rule at least requires a factual inquiry by the trial judge, where the consequence is to be a denial of the opportunity to present a witness on his behalf as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution. The state suggests that a trial judge may summarily exclude a witness where the judge has personally observed the witness in the courtroom during the proceedings, so that any Atkinson inquiry would be a futile gesture. We agree with Dumas.
The rule of sequestration is intended to prevent the shaping of testimony by witnesses. Geders v. United States, 425 U.S. 80, 87, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). Balanced against the rule, however, is the criminal defendant's Sixth Amendment and due process right to present witnesses in his own behalf. See Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). In Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893), the Court indicated the nature of the rule and consequence of its breach:
"If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt, and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground merely, *466 although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court."[4]
Considering the respective reasons for the rule of sequestration and for the constitutional right to present witnesses, we have no difficulty in concluding that the latter overrides any mere violation of the former. The rule of sequestration is a procedural device available to purify trial testimony when counsel for either side believes it to be advantageous. The rule must be invoked in the first instance by counsel. In our Anglo-American system of jurisprudence, no trial is invalid simply because one or more potential witnesses hear the testimony of other witnesses. We no more automatically bar the testimony of witnesses who have not been placed "under the rule" than we prevent a defendant from testifying on his own behalf simply because he has heard all the testimony in his trial before he takes the stand. When confronted with the Sixth Amendment right, then, a mere violation of the rule must give way.[5]
Since it appears the trial judge made no Atkinson inquiry to determine whether the witness acted with the knowledge, consent, procurement or connivance of the defendant or defense counsel, his action was error. Accordingly, the decision of the Fourth District Court of Appeal is reversed with directions to remand to the trial court for a new trial.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, SUNDBERG, HATCHETT and KARL, JJ., concur.
NOTES
[1] This case was denominated below as Brummitt v. State, 336 So.2d 626 (Fla. 4th DCA 1976).
[2] 317 So.2d at 808 (emphasis in original).
[3] The ruling of the trial court arose during the course of trial in the following colloquy:

"MR. PUGH [Defense Counsel]: I think the witness can be excused.
The defense would call Alvin Randall.
THE COURT: Mr. Randall, will not be permitted to testify.
MR. PUGH: Your Honor, I didn't realize that he was sitting in the Courtroom.
THE COURT: That's unfortunate, because he sat through the entire testimony and he was there prior to that. Mr. Randall, will not be permitted to testify. You were told before trial, that you were to keep all prospective witnesses out of the Courtroom.
MR. PUGH: I meant to have him sequestered, but you were busy with the school children.
THE COURT: Call your next witness.
MR. PUGH: Does it mean that the Court is going to refuse me to allow this witness to testify?
THE COURT: Where do we fail in our communications.
MR. PUGH: I just want to make sure. I will call the defendant, Willie Dumas."
[4] 150 U.S. at 92, 14 S.Ct. at 10.
[5] A witness who knowingly violates a sequestration rule may be disciplined by the court, of course, as Holder suggests.