GRIMES, Chief Judge.
This appeal involves the application of the rule of sequestration of witnesses.
Appellant was charged with assault with intent to commit first-degree murder. At the conclusion of the state’s case the following occurred:
MR. MCCARTHY: Your Honor, before the jury returns my client has requested or would like to call Calvin Hightower to the stand. It’s my understanding that the rule is invoked. I invoked it. He informed me that he wanted to call Mr. Hightower at the recess. I am asking the indulgence of the Court to allow us to call him as a witness.
MR. PICKARD: The State would object on the basis that Mr. Hightower initially was in the courtroom when the rule was invoked and to my understanding he initially stood up to be sworn as a witness but was told by someone to sit down, that he wouldn’t be called, and he was in the courtroom during the entire proceedings and listened to everything that has gone on. And for that reason the State would object to Mr. Hightower being called as a witness.
THE COURT: Is this Mr. Hightower in the second row?
MR. MCCARTHY: Yes, Your Honor.
THE COURT: Well, the Court for the record would state that Mr. McCarthy did request that we invoke the rule and I did direct that all witnesses stand to be sworn. Mr. Hightower did stand. Mr. McCarthy then motioned for him to be seated and he was not sworn and did remain in the courtroom. Therefore, the Court has no other alternative than to sustain the objection.
Hightower’s testimony was not proffered. Appellant was ultimately convicted of assault with intent to commit first-degree murder.
Appellant contends that the court erred in excluding the testimony of Hightower for violation of the rule of sequestration without first conducting an inquiry according to the requirements of Dumas v. State, 350 So.2d 464 (Fla.1977). In Dumas our supreme court held that a defendant cannot be deprived of the right to call a witness who has violated the rule of sequestration unless the court determines that the wit *850 ness acted with the “knowledge, consent, procurement or connivance of the defendant or defense counsel.” See Atkinson v. State, 317 So.2d 807 (Fla. 4th DCA 1975). The state responds by saying that the appellant is in no position to complain because he failed to proffer Hightower’s testimony. See Powers v. State, 224 So.2d 411 (Fla. 3d DCA 1969).
We deem it unnecessary to decide whether a proffer was required because we find that the record reflects sufficient compliance with the Dumas rule. From the colloquy, it is evident that appellant’s counsel originally weighed the desirability of Hightower’s testimony and concluded that he did not wish to call Hightower as a witness. Apparently, after the state presented its case his client prevailed upon him to seek to have Hightower testify. We suggest no evil motive on the part of appellant or his counsel, but it is obvious that both knew that Hightower was not going to be subject to the rule because they did not intend to call him as a witness. To allow them to change their minds during the course of the trial would have the practical effect of abrogating the purpose of the rule, which is to prevent potential witnesses from listening to testimony given by others prior to testifying. If there is any possibility that a person may be called as a witness, prudence dictates that counsel should keep him out of the courtroom once the rule is invoked.
The judge did not err in failing to make further inquiry because all the relevant circumstances were before him when he ruled.
AFFIRMED.
SCHEB and OTT, JJ., concur.