OTT, Judge.
The issue before us is whether the lower court erred in excluding the testimony of a certain defense witness. We hold that the testimony of that witness was relevant and should have been admitted. Accordingly, we reverse.
The information charged appellant — an osteopath — with violation of Chapter 893 Florida Statutes (1977) for allegedly delivering quantities of two controlled substances to undercover police officers not issued “in good faith and in the course of his professional practice.” At trial, the state presented the testimony of two undercover officers, the state chemist and two physicians. The physicians testified that the deliveries made by the appellant to the undercover officers were in “bad faith.”
In making its case that the appellant acted in bad faith, the state placed great emphasis on the size of the dosage or quantity of the drugs prescribed by appellant. The record is replete with testimony elicited by the state on this point.
Appellant attempted to call a pharmacist whose proffered testimony went directly to the question of dosages, i. e., whether the quantity and/or frequency of the drugs for the purposes claimed were according to the generally accepted prescribing practices in the local area. The lower court excluded this testimony on the ground that it was not relevant. Where a trial court refuses to permit defense witnesses to testify as to matters which are the *424 heart of a defendant’s defense, that error is harmful. Marcum v. State, 341 So.2d 815 (Fla.2d DCA 1977); Atkinson v. State, 317 So.2d 807 (Fla.4th DCA 1975); Simonds v. State, 304 So.2d 525 (Fla.2d DCA 1974).
We hold that the pharmacist’s testimony was relevant and that it was error for the lower court to exclude it.
The judgment and sentence are set aside and vacated and the case remanded for a new trial.
SCHEB, J., concurs.
GRIMES, C. J., dissents with opinion.