HENDRY, Judge.
In these actions for personal injuries and property damages the jury returned verdicts in favor of the defendants/appellants. The court directed a verdict for Frank Braunstein on the appellants’ claim for contribution, and declined to direct a verdict for Kostas Kiagiadakis. The court, further, granted the motions of the plaintiff and the cross-plaintiffs (Irma Price and the Braun-steins), for a new trial. The new trial order provided, in pertinent part, as follows:
[A] new trial should be granted in this cause on the ground that the jury’s verdict was likely influenced by matters out *1228 side the record. This determination is based upon the following findings:
1. A prejudicial remark by counsel for the Defendants/Cross-Defendants, MIAMI BEACH TEXACO, INC., INSURANCE COMPANY OF NORTH AMERICA, INC., ROSTAS KIAGIADAKIS and JULIEN COICOU, (hereinafter “counsel for the Defendants”) during closing argument constituted a violation of the “golden rule,” since counsel for the Defendants suggested to the jury that if a verdict for IRMA PRICE and for FRANK BRAUN-STEIN and SARAH BRAUNSTEIN were rendered, the jury would, ultimately, be responsible for paying for it. This suggestion was made by counsel for the Defendants in the following argument to the jury:
“They want his insurance money. Everybody is insured, I hope. Who pays for it? Who is going to pay? Who pays for it?”
These rhetorical comments by counsel for the Defendants, together with previous remarks in closing argument to the effect that this case concerned only “insurance” collectively and cumulatively constituted improper golden rule argument, which may likely have caused the jurors to place themselves in the position of the Defendants and to conclude that their insurance premiums would be increased if they found for IRMA PRICE and/or FRANK BRAUNSTEIN and/or SARAH BRAUNSTEIN. These remarks were so highly prejudicial that no curative instructions from the Court could negate their sinister impact.
2. During the trial, counsel for the Defendants, on at least one occasion, asked the Cross-Plaintiff, FRANK BRAUNSTEIN, whether he had made a Workmen’s Compensation claim, which question was promptly objected to by counsel for BRAUNSTEIN. This objection was sustained by the Court. At a side-bar conference, the issue of Workmen’s Compensation was, again, raised in connection with a subpoena which the Defendants caused to be issued by the Court and directed to an insurance ad-' juster for Liberty Mutual Insurance Company, Workmen’s Compensation carrier for FRANK BRAUNSTEIN, which subpoena directed the adjuster to bring Liberty Mutual’s entire file to the trial of this cause in order that the Defendants might introduce evidence relating’ to FRANK BRAUNSTEIN’S Workmen’s Compensation claim and payments. The Court, again, ruled at said side-bar conference, that the Workmen’s Compensation claim made by FRANK BRAUN-STEIN or any payments derived therefrom would not be admissible evidence, fully discussing with counsel the collateral source rule contained in § 627.7372(3) Fla.Stat. After the charge conference and prior to the time the jury re-entered the courtroom to hear summation of counsel, counsel for the Cross-Plaintiffs, BRAUNSTEIN, recognizing the prejudicial remarks concerning Workmen’s Compensation already made by counsel for the Defendants, moved this Court, in li-mine, to instruct counsel for the Defendants not to state or allude to workmen’s compensation claims or payments during his closing argument. The Court granted the Motion In Limine and instructed counsel for the Defendants pertaining to same. Notwithstanding this Court’s instructions and this Court’s previous ruling, counsel for the Defendants stated in closing argument, “Mr. Braunstein has been paid in full already.” BRAUN-STEIN’S counsel promptly objected and requested the Court to instruct the jury properly on the matter, and, as the Court attempted to advise the jury through a curative instruction as to the proper considerations, counsel for the Defendants interrupted the Court, reiterating and underscoring his previous harmful comments, stating to the jury, “The only thing I am bringing out is that the man said on the witness stand his bills have been paid, and I am entitled to bring that out.” In fact, the Court recalls that there was no testimony that FRANK BRAUNSTEIN’S medical bills were fully paid. Therefore, based upon the Court’s *1229 previous rulings during the trial, concerning the mention of workmen’s compensation claims and/or payments and, in particular, this Court’s instructions to counsel for the Defendants prior to his closing argument, this Court finds that the above recited remarks constituted improper conduct by counsel for the Defendants and that the cumulative effect of the improper remarks was so prejudicial to IRMA PRICE and to FRANK BRAUNSTEIN and SARAH BRAUNSTEIN that it likely gravely impaired a dispassionate consideration of the evidence and merits by the jury, warranting the granting of a new trial.
Although the entire record was not brought forward for review by the Court (only closing argument of counsel for the Defendants was transcribed and available for the Court to review), this Court specifically recalls that at the time counsel for the Defendants made the above mentioned remarks to the jury concerning insurance, both counsel for IRMA PRICE and counsel for the BRAUNSTEINS were rising from their chairs for what would have been anticipated by this Court to be golden rule objections, and this Court motioned to both counsel to be seated and, thereupon, sua sponte, instructed counsel for the Defendants concerning the golden rule argument. At the conclusion of closing argument, both counsel for IRMA PRICE and counsel for FRANK BRAUNSTEIN and SARAH BRAUNSTEIN approached the Court, as the jury was being led from the Courtroom and the Court was leaving the bench. Counsel for IRMA PRICE then voiced the position of both counsel that they wished to move for a mistrial and this Court erroneously denied the motion. The Court is unaware of whether or not the motion was recorded by the court reporter but, in the event it was not, this Court hereby supplements the record to include the fact that counsel for IRMA PRICE and counsel for FRANK BRAUN-STEIN and SARAH BRAUNSTEIN made a Motion for Mistrial based upon the above mentioned improper closing argument of counsel for the Defendants.
3. This Court further finds, retrospectively, that any curative instructions given to the jury pertaining to the above improper remarks by counsel for the Defendants, were insufficient and did not cure the prejudicial effects of improper argument by counsel for the Defendants during his summation.
4. This Court had in excess of six (6) days to observe the presentation of witnesses and the evidence and, in the Court’s opinion, the above mentioned improper remarks by counsel for the Defendants could likely have caused the jury to find against the Plaintiff, IRMA PRICE, and Cross-Plaintiffs, FRANK BRAUNSTEIN and SARAH BRAUN-STEIN, on the issues of liability and/or damages.
Appellants contend on appeal that (1) the trial court abused its discretion by granting the appellees a new trial because (a) the record does not support the trial court’s conclusions that there had been a golden rule argument .by appellants’ counsel, (b) there had been no record objections made to any such argument by counsel for the ap-pellees, (c) there had been no request for a mistrial or a curative instruction before the jury retired, and (d) it was not error for appellants’ counsel to have stated in closing argument that Braunstein’s medical bills had been paid; (2) the trial court erred in supplementing the record; (3) it was error for the court to have refused to allow the use of deposition testimony of one of appellants’ experts; (4) the court erred in directing a verdict in favor of appellee Braun-stein on appellants’ cross-claim for contribution; and (5) the court should have granted a directed verdict in favor of Kostas Kia-giadakis in his individual capacity.
We have carefully considered appellants’ contentions in the light of the record, briefs, argument of counsel and the controlling principles of law and have concluded that appellants have failed to demonstrate that the trial court committed reversible error in ordering a new trial for the appellees. Cas *1230 tlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla.1975); Salkay v. State Farm Mut. Auto. Ins. Co., 398 So.2d 916 (Fla. 3d DCA), pet. for rev. dism., 402 So.2d 612 (Fla.1981); City of Miami v. Veargis, 311 So.2d 693 (Fla. 3d DCA 1975); Cook v. Eney, 277 So.2d 848 (Fla. 3d DCA), cert. denied, 285 So.2d 414 (Fla.1973); Bullard v. Canale, 260 So.2d 237 (Fla. 4th DCA 1972); Bullock v. Branch, 130 So.2d 74 (Fla. 1st DCA 1961).
The remaining points raised by the appellants have been considered, and found to be without merit.
AFFIRMED.