510 So.2d 1222 (1987)
Carl BAKER, Cheryl Baker, Cindy Lovvorn Haynes, F/K/a Cindy Lovvorn, and William Haynes, Appellants,
v.
AIR-KAMAN OF JACKSONVILLE, INC., Appellee.
No. BP-185.
District Court of Appeal of Florida, First District.
August 13, 1987.
*1223 Joel S. Perwin, of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami, for appellants.
H. Terrell Griffin, of Griffin, Morgan, Linder, Townsend & Adler, Orlando, for appellee.
THOMPSON, Judge.
This is an appeal from a final judgment entered pursuant to a jury verdict for the defendant/appellee. We affirm.
During the trial of the case below, the rule requiring the exclusion of witnesses from the courtroom was invoked to prevent witnesses from hearing the testimony of other witnesses. Counsel for the defendant thereafter furnished his expert witness with "daily copy" of portions of the trial transcript to read before he testified. Defendant's expert was thus apprised of the testimony of appellants' experts notwithstanding his absence from the courtroom during the giving of their testimony. Appellants contend that furnishing this witness with the daily copy constituted a violation of the rule, and that under Rowe v. State, 120 Fla. 649, 163 So. 22, (1935), if there is a violation of the rule by a witness which is participated in by the party calling the witness or the attorney representing such party, the testimony of that witness must be excluded. This is true, appellants contend, even if there is no bad faith or improper motive in counsel's participation. It was admitted during oral argument that defense counsel was not guilty of any bad faith or improper motive in furnishing the transcript to the witness. Because the appellee does not dispute the contention that furnishing the expert witness with the transcript excerpts did constitute a violation of the rule, we will not address the issue. We do consider, and we reject, appellants' contention that Rowe dictates such a harsh result as excluding the testimony of the defendant's expert witness in this case.
In Florida, a trial judge in his discretion may exempt an expert witness from the rule even though the rule has been invoked. Furthermore, in cases where the rule has been invoked and a witness has not been specifically excused or exempted from its operation, a trial judge may, in his discretion, permit a witness to testify who has remained in the courtroom and heard the testimony of other witnesses. This is true even where there has been timely objection and a motion to suppress the testimony of the witness who violated the rule. Florida Motor Lines Corporation v. Barry, 158 Fla. 123, 27 So.2d 753 (1946). The decision whether to invoke the rule excluding witnesses from the courtroom during trial, or whether a witness shall be exempted from the rule or whether one who has been placed under the rule but who nevertheless has remained in the courtroom during the taking of testimony shall be permitted to testify, is within the discretion of the trial court. The presumption is in favor of the correctness of the trial court's ruling and reasonable exercise of its discretionary power. Romano v. Palazzo, 83 Fla. 243, 91 So. 115 (1922).
The parties disagree as to whether there was any material change as between the testimony the defendant's expert witness gave in his deposition prior to trial and the testimony he gave at the trial after reading transcripts of the testimony of the plaintiffs' expert witnesses. Appellants contend there was a material change in his testimony while the appellee contends that there was little or no change and therefore no prejudice resulted from the court permitting the witness to testify. The appellants had an opportunity to cross-examine the witness on any inconsistencies or differences between his testimony at trial and at deposition, but it was admitted during oral argument that as a matter of trial strategy no real effort was made to cross-examine and impeach the witness on the basis of the alleged changes in his testimony.
A majority of other jurisdictions hold that the question whether witnesses will be excluded from the courtroom while other *1224 witnesses are testifying is not to be determined by the application of rigid rules, but is a matter of discretion on the part of the trial court. As noted above, this clearly appears to be the rule in Florida. As stated in the annotation "Exclusion from Courtroom of Expert Witnesses During Taking of Testimony in Civil Cases," 85 A.L.R.2d 479:
Although a majority of the courts seem to favor admission of the expert witness, it has been held almost unanimously by the cases that whether the expert should be permitted to remain in the courtroom or be excluded from it, during the taking of testimony of other witnesses, is a matter for the exercise of a sound discretion by the trial judge, whose decision will be reversed on appeal only when that discretion is deemed abused. A number of cases have stated that the party appealing from the trial court's ruling must meet the burden of showing that prejudicial error resulted from the admittance or exclusion of an expert witness during the testimony of other witnesses. Although the question has been raised a number of times in various jurisdictions, no case has been reported where the judgment below was reversed because of an abuse of the trial court's discretion or a showing of prejudicial error in ruling on the separation of an expert witness.
.....
Notwithstanding a court order requiring the separation of witnesses, it has been held in a number of cases that there was no error in the admission of the testimony of an expert witness who was permitted to remain in the courtroom while other witnesses presented their testimony.
Appellants also cite Dumas v. State, 350 So.2d 464 (Fla. 1977), another case purportedly requiring reversal if a witness who violates the rule with the knowledge, consent, procurement or connivance of the defendant or defense counsel is permitted to testify. However, Dumas actually holds only that a trial judge who summarily excluded the testimony of a witness who violated the rule, without making an inquiry into whether the violation of the rule was with the knowledge, connivance or consent of the defendant or his counsel, had committed reversible error. This was made clear by the supreme court in Steinhorst v. State, 412 So.2d 332 (Fla. 1982) when it said:
Appellant contends that Dumas v. State, 350 So.2d 464 (Fla. 1977), applies and requires a new trial. There the trial court refused to allow a defense witness to testify, on the ground that he had remained in the courtroom in violation of the rule. This Court pointed out that the rule is intended to prevent a witness from shaping his testimony by what he hears from other witnesses. "Balanced against the rule, however, is the criminal defendant's Sixth Amendment and due process right to present witnesses in his own behalf." Id. at 465. Without indicating precisely what circumstances will justify excluding a defense witness for violation of the rule, we simply held that it was error to exclude the witness without conducting an inquiry "to determine whether the witness acted with the knowledge, consent, procurement or connivance of the defendant or defense counsel... ." Id. at 466.
Just as the defendant has the constitutional right to present witnesses in his behalf, the people of the state, acting through the state attorney, have the inherent sovereign prerogative to present evidence of the defendant's criminal conduct. It is the duty of the state attorney to carry out this prerogative of the people. Art. V, § 17, Fla. Const.; § 27.04, Fla. Stat. (1979). Just as a defense witness, as Dumas held, should not be excluded without inquiry into whether the rule violation occurred with the knowledge or by the connivance of the defendant or defense counsel, so also should a state witness who has violated the rule not be excluded without similar inquiry. In the present case there was inquiry into the effect of the violation on Woods' testimony.

Dumas does not outline the circumstances under which a court may properly exclude a witness for violating the rule. *1225 The test, however, is whether the testimony of the challenged witness was substantially affected by the testimony he heard, to the extent that his testimony differed from what it would have been had he not heard testimony in violation of the rule. Defense counsel tried to show that the testimony of Woods may have been affected by what he heard. The state attorney elicited testimony contradicting this, and the court made a determination and ruling. The defense waived the opportunity for a similar examination of the other witnesses. Now appellant argues that the court, on its own motion, should have inquired into the effect of and state complicity in the violations. This contention is without merit.
Id. at 336.
In the instant case the questions whether the testimony of the challenged witness was substantially affected by the transcribed testimony he read, and to what extent his testimony differed from that given during his deposition, were fully heard and determined by the trial judge. Although the parties disagreed as to the change, if any, in the testimony and its effect on the plaintiffs' case, the trial judge decided that the offending witness could testify. As pointed out in Steinhorst the test is whether the testimony of the challenged witness was substantially affected by the testimony he heard to such an extent that his testimony differed from what it would have been had he not heard other witnesses' testimony in violation of the rule. There is competent, substantial evidence to support the trial judge's decision that there was no substantial change in the testimony of the offending witness, and his decision to permit the witness to testify was not error.
AFFIRMED.
SHIVERS and NIMMONS, JJ., concur.