PER CURIAM.
Convicted of a violation of section 800.-04(1), Florida Statutes (1985), appellant challenges rulings of the trial court refusing to permit defense counsel to elicit certain testimony from the mother of the victim and precluding the defense from putting on the testimony of a defense witness.
The purpose of the questions which defense counsel was prevented from pursuing as well as the testimony of the witness which the court refused to allow defense counsel to call was to establish bias and thus to impeach the credibility of the state’s principal witness, the mother of the victim. Not only should defense counsel have been permitted to do so pursuant to section 90.608, Florida Statutes (1985), but refusal to allow presentation of testimony as to matters which are at the heart of the accused’s defense is reversible error. Godorov v. State, 365 So.2d 423 (Fla. 2d DCA 1978), cert. denied, 376 So.2d 76 (Fla.1979); Brown v. State, 362 So.2d 437 (Fla. 4th DCA 1978); Atkinson v. State, 317 So.2d 807 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 21 (Fla.1976). Finding that the decision of the jury may very well have been affected by the failure to allow them to hear testimony concerning the interest of the state’s witness, a new trial is required. Armstrong v. State, 399 So.2d 953 (Fla.1981).
Other points raised by appellant are without merit.
REVERSED AND REMANDED FOR NEW TRIAL.
HERSEY, C.J., and DELL and WALDEN, JJ., concur.