528 So.2d 1364 (1988)
Martha JOHNSON, Appellant,
v.
CANTEEN CORPORATION, Appellee.
No. 87-338.
District Court of Appeal of Florida, Third District.
August 9, 1988.
*1365 Clinton J. Pitts and Leon E. Sharpe, Miami, for appellant.
George, Hartz & Lundeen, P.A., and Clinton D. Flagg and Esther E. Galicia, Miami, for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Martha Johnson appeals from a final judgment entered upon a jury verdict for Canteen Corporation. Johnson had brought a negligence action against Canteen for injuries sustained when she slipped and fell on the floor of a Canteen cafeteria located inside the facility of her employer, Eastern Airlines. We affirm the final judgment, finding the trial errors cited by Johnson to be harmless.
Johnson contends that two references at trial to her receipt of workers' compensation benefits prejudiced and confused the jury, resulting in a verdict for Canteen. Although the trial court had granted Johnson's pretrial motion in limine to preclude Canteen from alluding to her receipt of such benefits from Eastern, the subject of workers' compensation benefits was twice referenced at trial. Dr. James T. Hutson, Eastern's medical director, testified to a telephone conversation he had had with Dr. Victor Barredo regarding Johnson's injury and recovery. Following his medical records as he testified, Dr. Hutson recalled that Dr. Barredo had opined that "patients with compensation cases seem to have a harder time getting well than private medical cases." Johnson's objection to Dr. Hutson's testimony as violative of the trial court's ruling precluding any mention of workers' compensation benefits was overruled.
The second reference to workers' compensation benefits occurred when Dr. Victor Barredo responded to a question concerning the time frame of Johnson's recovery. Over Johnson's general objection, Dr. Barredo answered affirmatively the question by counsel for Canteen whether "patients like Mrs. Johnson that get hurt on the job are oftentimes more difficult to get well than other patients." In neither instance did Johnson move to strike the testimony, nor did she request a curative instruction. Once her objection to Dr. Barredo's testimony was overruled, Johnson was not required to seek additional forms of relief in order to preserve the matter for appeal. Simpson v. State, 418 So.2d 984 (Fla. 1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983); Ramos v. State, 413 So.2d 1302 (Fla. 3d DCA 1982).
However, we disagree with Johnson that these allusions to compensation benefits compromised her right to a fair trial. While prejudicial error may arise from presenting the jury with information as to an injured plaintiff's receipt of workers' compensation or collateral benefits, Sosa v. Knight-Ridder Newspapers, Inc., 435 So.2d 821 (Fla. 1983); Kreitz v. Thomas, 422 So.2d 1051 (Fla. 4th DCA 1982); Clark v. Tampa Elec. Co., 416 So.2d 475 (Fla. 2d DCA 1982), cert. denied, 426 So.2d 29 (Fla. 1983); Williams v. Pincombe, 309 So.2d 10 (Fla. 4th DCA 1975); Cook v. Eney, 277 So.2d 848 (Fla. 3d DCA), cert. denied, 285 So.2d 414 (Fla. 1973), the oblique references in this case did not apprise the jury that Johnson had actually received workers' compensation benefits. Dr. Hutson did not define the meaning of "compensation cases" nor did he reveal that Johnson was within this category. Dr. Barredo's mention of Johnson's on-the-job injury did not automatically alert the jury to her receipt of workers' compensation benefits. Significantly, neither remark included the word "benefits." Notwithstanding the dissent's contention, the record contains no indication that the remarks were prompted by a deliberate or intentional disregard for the trial court's in limine order. The dissent correctly points out that a new trial may be mandated by the admission of evidence pertaining to a plaintiff's receipt of collateral benefits, e.g., Miami Beach Texaco, Inc. v. Price, 433 So.2d 1227 (Fla. 3d DCA 1983); *1366 Williams. However, there is no per se rule requiring a new trial merely upon the mention of workmens' compensation benefits. In Price, this court affirmed the granting of a new trial where the defense counsel repeatedly ignored a pretrial order precluding the mention of workmens' compensation benefits and alluded to the subject both during trial and closing argument. This court agreed with the trial court that "the cumulative effect of the improper remarks was so prejudicial  that it likely gravely impaired a dispassionate consideration of the evidence and merits by the jury, warranting the granting of a new trial." Price, 433 So.2d at 1229. In contrast to Price and Williams, there was no disclosure to the jury here that Johnson had been compensated for her injury. We refuse to impute a prejudicial link between the two allusions made by witnesses and the jury verdict against Johnson. We cannot agree with Johnson's speculation that the jury permitted these two isolated references to control their decision, especially where the evidence concerning the existence of water on the cafeteria floor and the extent of Johnson's injuries was conflicting, and the statements were made over the course of a three-day trial. The verdict form specifically required the jury to assess Canteen's negligence, which further attests to a lack of confusion on the jury's part. See John Deere Co. v. Thomas, 522 So.2d 926 (Fla. 2d DCA 1988) (error for trial court to grant new trial where reference to workers' compensation claims occurred in voir dire examination of prospective jurors and five days elapsed between voir dire and jury's deliberations).
We find no merit in Johnson's contention that the trial court erred in permitting Dr. Barredo to testify about Johnson's potential for recovery and about the cause of her injury. In response to a question by Canteen's counsel regarding whether Johnson's injury could have been caused by her weight, posture, and musculature, Dr. Barredo agreed that, in view of these factors, Johnson "could have bent over at work and hurt herself and cause[d] the same amount of damage." Although Johnson now claims that the statement was speculative, irrelevant, and immaterial, her objection at trial was a general one, thereby precluding our review of the grounds now asserted. "An appellate court will not consider any ground for objection not presented to the trial court; review is limited to the specific grounds raised below." Mt. Sinai Hosp. of Greater Miami v. Steiner, 426 So.2d 1154, 1155 (Fla. 3d DCA 1983).
The remaining error alleged by Johnson concerns the trial court's decision to allow Dr. Albert Ehlert to testify. Although the sequestration rule had been invoked, Dr. Hutson and Dr. Ehlert nonetheless engaged in a conversation. After Dr. Hutson testified but before Dr. Ehlert testified, the trial court's clerk overheard Dr. Hutson express to Dr. Ehlert his displeasure with the aggressive manner in which Johnson's counsel had cross-examined him. Johnson's counsel stated his objection to Dr. Ehlert's testifying as follows:
MR. ENGEL: Your clerk heard Dr. Hutson discussing with Dr. Ellard [sic] the way I cross examined his qualifications, and he was very upset, and he brought this out to Dr. Ellard. Dr. Ellard is testifying. I don't know what else was said, but I do know that that was said, and I will ask that the doctor be disqualified because it could prejudice our case if he knows Dr. Hutson, and he says something about me and the way that I handled the case in here with him and handled his testimony on cross examination. It can create a problem, and I feel that we are prejudiced by it.
The trial court properly refused to disqualify Dr. Ehlert. The purpose of the sequestration rule "is to avoid the coloring of a witness's testimony by that which he has heard from other witnesses who have preceded him on the stand." Spencer v. State, 133 So.2d 729, 731 (Fla. 1961), cert. denied, 369 U.S. 880, 82 S.Ct. 1155, 8 L.Ed.2d 283 (1962). The rule does not "prohibit absolutely all conversation between *1367 or among prospective witnesses. It is only conversation relating to the facts of the case which is proscribed." Atkinson v. State, 317 So.2d 807, 808 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 21 (Fla. 1976). Here, the conversation between Dr. Hutson and Dr. Ehlert pertained to the former's treatment on cross-examination by Johnson's counsel and not to the merits of the case or the substance of the cross-examination. Johnson has failed to demonstrate that Dr. Ehlert's testimony, which conformed to his pretrial medical report and deposition, was in any way influenced by his contact with Dr. Hutson. See Steinhorst v. State, 412 So.2d 332, 336-37 (Fla. 1982); Florida Motor Lines Corp. v. Barry, 158 Fla. 123, 27 So.2d 753, 756 (Fla. 1946); Baker v. Air-Kaman of Jacksonville, Inc., 510 So.2d 1222 (Fla. 1st DCA 1987).
Because none of the points on appeal constitute reversible error, we affirm the final judgment for Canteen.
Affirmed.
FERGUSON, Judge (dissenting).
I disagree with the decision to affirm the judgment.
Prior to trial the plaintiff's attorney requested and obtained an order prohibiting the defendant from telling the jury that workers' compensation benefits were available. That order was violated twice and there is reason to believe that the violations were deliberate.
Dr. Hutson, the defendant's medical director, in violation of the in limine order, told the jury that the fact that this was a compensation case explained the plaintiff's slow medical recovery and, inferentially, lack of motivation to return to work. It is precisely that conclusion, which the law presumes will follow from divulging the information that there is a collateral source benefit, which makes the admission of other benefits prejudicial error. Williams v. Pincombe, 309 So.2d 10 (Fla. 4th DCA 1975).
The second time the jury was informed that Mrs. Johnson's injury was work-related was in answer to a solicitous inquiry by the defendant's attorney. The response again was that the plaintiff's slow medical recovery was related to the fact that this was a compensation case.
Why the court would have overruled an objection to a violation of its own order can be explained only by its hope that the jury verdict would moot the question and obviate the need for a new trial. It did not, so we should reverse.
The prejudice here was clear and intended. To describe the violation as oblique rather than direct is no acceptable distinction from the cases which hold uniformly that testimonial mention of collateral source benefits is reversible error. Besides, such hypertechnical distinctions would encourage attempts to circumvent the law.
Finally, the majority holding that the error was correctable by a curative instruction is contrary to the law of this district. We have held that a comment to a jury that compensation benefits are available to a plaintiff was so prejudicial that curative instructions from the court could not correct its harmful impact. Miami Beach Texaco, Inc. v. Price, 433 So.2d 1227 (Fla. 3d DCA 1983).
On the authority of the cases cited by the majority, which are not really distinguishable, I would reverse and remand for a new trial.