BROWNING, J.
This is a timely appeal of a final order of judgment and sentence. Appellant alleges that the trial court erred in excluding the testimony of a potential defense witness based on a sequestration violation without having conducted a proper inquiry pursuant to Atkinson v. State, 317 So.2d 807 (Fla. 4th DCA 1975). We agree, reverse the conviction and sentence, and remand for a new trial.
Appellant’s car was repossessed, and an inventory of the car was conducted by a recovery company’s employee who allegedly discovered cocaine in the car. During that employee’s testimony, the owner of the recovery company was in the courtroom for less than a minute, left, returned to listen for a time between thirty seconds and five minutes, said “that is not true,” and asked the bailiff to give his business card to the public defender, which the bailiff did when the employee finished testifying. After the state rested its case and the defense motion for judgment of acquittal was denied, the defense announced that it would call the owner of the recovery company. Neither party had subpoenaed him, and the state challenged his testimony on the basis of a violation of the rule of sequestration. The trial court ruled that, because the owner was apparently known as a potential witness to both the state and the defense, the owner’s testimony should be excluded. Despite this ruling, the trial court put the owner under oath to “clarify on the record his status, where he was, what was going on.”
The owner testified that his attorney suggested he “listen in” to the trial, that he arrived at the courthouse and heard the employee’s testimony, and that he, contrary to her testimony, had conducted the inventory of the car and had not found any drugs, but that the employee came up to him afterwards with the drugs, saying “look here what I found.” The trial court then reaffirmed its previous ruling, on the reasoning that the owner “indicated that it was [the employee’s] testimony that influenced him to ... come forward.... ”
The trial court erred because its inquiry was insufficient to meet the requirements of Atkinson, as affirmed by the supreme court in Dumas v. State, 350 So.2d 464 (Fla.1977). When faced with a sequestration violation, the trial court *318 must conduct an Atkinson inquiry to determine whether the violation of the rule was “with the knowledge, connivance, or consent of the defendant or his counsel.” Atkinson, 317 So.2d at 808. Where the violation was with that knowledge or consent, the testimony must be excluded. Here, the record reveals that the violation of sequestration was not with the knowledge, connivance, or consent of Appellant or his counsel. The trial court did not inquire of the owner whether Appellant or Appellant’s counsel suggested that he listen to the employee’s testimony. Appellant said at the sentencing hearing that he had not known anything about the owner, presumably until the owner testified at trial. Counsel informed the trial court on the day of trial that he was not aware of the owner’s testimony until that day. Further, the trial court did not make any findings that the sequestration violation was with the knowledge, connivance, or consent of Appellant or his counsel.
A second test to determine whether a sequestration violation should preclude a witness from testifying was put forth in Steinhorst v. State, 412 So.2d 332 (Fla.1982). There, the supreme court restated the Dumas holding, but further explained that the test to determine whether to exclude a witness is whether the sequestration violation changed the witness’s testimony from what it would have been had the rule not been violated. Steinhorst, 412 So.2d at 336. Application of this test to the instant case also demonstrates that the trial court erred in excluding the owner’s testimony. The trial court inquired as to what testimony the owner would give, but did not inquire as to whether that testimony changed as a result of his hearing parts of the employee’s testimony. Further, there was no evidence, nor a trial court finding, that the owner’s testimony actually differed from what it would have been had he not heard the employee s testimony.
The state argues for affirmance on the ground that the error is harmless, but we do not conclude that the error is harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Appellant also raised issues relating to his sentence, to the ruling on the motions for continuance, and his inability to afford a fingerprint expert. These claims are waived because they were not argued in Appellant’s initial brief. See Mapp v. Armco Specialty Steel Div., 543 So.2d 1296 (Fla. 1st DCA 1989); State Dep’t of Ins. v. First Floridian Auto and Home Ins. Co., 803 So.2d 771, 775 (Fla. 1st DCA 2001).
Accordingly, we REVERSE Appellant’s conviction and sentence, and REMAND for a new trial.
ALLEN, C.J. and WEBSTER, J., concur.