KAHN, J.
Dorothy Harris appeals her conviction for conspiracy to possess hydrocodone, alleging the trial court erred on two separate occasions by permitting testimony that implicated appellant in other crimes. We reverse and remand for a new trial.

PROCEDURAL & FACTUAL BACKGROUND

The events giving rise to Harris’s prosecution occurred on November 18, 2008, when appellant’s brother, David Vaughns, drove to a Jacksonville pharmacy with a prescription for Lorcet (hydrocodone). When Vaughns arrived at the pharmacy’s drive-thru window, he handed the prescription to a pharmacy technician and left with the understanding that he would return in a short while to pick up the medication. The technician noticed that Lorcet was misspelled and that the prescription, written on a pad from Jacksonville Pediatric Associates, was for a James Williams, born in 1984. In addition to the spelling error, the patient’s age clued the technician’s suspicions, as the pediatric clinic normally would not see persons older than 18 or 21.
Police arrested Vaughns when he returned to pick up the prescription, finding approximately 120 hydrocodone pills and another prescription in the car. While still at the scene, police asked Vaughns to contact the owner of the vehicle. Vaughns phoned appellant, who arrived shortly thereafter. Harris denied any knowledge of the prescription Vaughns had tried to fill, and Vaughns told police that he received the prescription from a person he knew as “Junior.”
Vaughns maintained this version of events in the months leading up to prosecution. The State charged Harris and Vaughns by amended information with one count of conspiracy to possess hydroco-done. The same information also charged Vaughns with trafficking in hydrocodone and possession or attempted possession of hydrocodone by fraud. Harris proceeded to trial by jury.
At trial, Vaughns testified for the State, asserting Harris provided the prescription and asked her brother to fill it. Appellant, Vaughns explained, had stolen a prescription pad from the pediatric clinic where she once worked as a medical assistant. Vaughns filled in some remaining blanks by stating that Harris also gave him the keys to her car so he could get to the pharmacy. Vaughns said he knew the prescription was fraudulent, but agreed to fill it anyway.
On cross-examination, defense counsel asked Vaughns whether he testified as to Harris’s involvement because it would help him secure a favorable sentence. Vaughns replied, “Not necessarily. When I told them that that night, but she was going to jail anyway that night. She had a warrant.” Defense counsel objected and moved for a mistrial, arguing that the testimony regarding an outstanding warrant was prejudicial and not elicited. The trial court overruled the objection, finding the information “relevant” and also that defense counsel “invited” this explanation by the preceding line of questioning. Having overruled the objection, the court offered to provide a curative instruction, which defense counsel declined.
The State also called Dr. Nicole Taylor, a pediatrician at the clinic where Harris had once worked. Dr. Taylor testified that appellant had been fired from the clinic about a month before the incident leading to her arrest. On cross-examina *190 tion, Dr. Taylor stated that Harris was let go as a result of a “management decision,” but had no specific knowledge as to why the clinic terminated Harris’s employment. On redirect, the prosecution asked, “Was there a time ... Harris was the suspect of prescription fraud, aside from this case?” At this point, defense counsel entered an objection, which the court sustained.
The jury convicted appellant as charged. Harris moved for a new trial, which the court denied. The trial court adjudicated appellant guilty of the charged offense and sentenced her to 15 years in prison as an habitual offender.

ANALYSTS

We review a ruling on the admissibility of evidence for abuse of discretion. See Welty v. State, 402 So.2d 1159, 1162-63 (Fla.1981). “Similar fact evidence of other crimes, wrongs, or acts ... is inadmissible when the evidence is relevant solely to prove bad character or propensity.” § 90.404(2)(a), Fla. Stat. (2008). The State does not deny that Vaughns implicated Harris in some other, irrelevant crime when he referenced the outstanding warrant for appellant’s arrest. Rather, the State relies on the “invited error” doctrine to assert that defense counsel “opened the door” to the objectionable mention of the warrant. See Goodwin v. State, 751 So.2d 537 (Fla.1999) (stating that “a party may not make or invite error at trial and then take advantage of the error on appeal”).
The dissent argues that this point is barred because the defense refused the trial court’s offer of a curative instruction. Where the trial court sustains an objection to improper testimony, ordinarily the objecting party must request and avail itself of an instruction from the court that the jury disregard the objectionable evidence. See Duest v. State, 462 So.2d 446, 448 (Fla.1985) (stating that “[t]he proper procedure to take when objectionable comments are made is to object and request [a curative] instruction ... ”). Such rule would not apply here, however, where the court actually overruled the defendant’s objection. Ralston v. State, 555 So.2d 443, 444 (Fla. 4th DCA 1990) (observing that “any curative instruction would have been futile after the trial court overruled the objection and specifically stated that it found the objectionable evidence to be proper”); Johnson v. Canteen Corp., 528 So.2d 1364, 1365 (Fla. 3d DCA 1988) (holding plaintiff “was not required to seek additional forms of relief in order to preserve the matter for appeal” “[o]nce her objection to [the witness’s] testimony was overruled”) (citing Simpson v. State, 418 So.2d 984 (Fla.1982)); see also Salazar v. State, 991 So.2d 364, 382 (Fla.2008) (Pariente, J., dissenting) (recognizing two standards of review for “the introduction of improper comments depending on whether the trial court properly recognized the error and sustained [an] objection or gave a curative instruction (abuse of discretion) or whether the trial court failed to recognize the error and improperly overruled the objection (harmless error to the comments, abuse of discretion to the denial of the mistrial)”) (citing Belcher v. State, 961 So.2d 239, 255 (Fla.2007)); Robinson v. State, 881 So.2d 29, 31 n. 1 (Fla. 1st DCA 2004) (Ervin, J., dissenting) (agreeing “with the majority’s tacit conclusion that the error was preserved, despite the failure of defense counsel to seek either a curative instruction or a mistrial, because of the contemporaneous objection, which was overruled”) (citing Holton v. State, 573 So.2d 284 (Fla.1990)). Peculiar and inconsistent though it might have been for the court to offer to cure what it had declined to rule inadmissible, appellant could not have waived this point, because the response from Vaughns came into evidence.
*191 Vaughns maintained for five months leading up to trial that Harris was not involved in the fraud. At trial, however, Vaughns testified that he only tried to procure the hydrocodone at Harris’s instruction. When confronted with this inconsistency on cross-examination, Vaughns asserted non-responsively that he changed his testimony because there was a warrant out for Harris’s arrest on a different offense, and he did not believe his testimony in the instant matter could prejudice her. Far from inviting the error, defense counsel only alerted the jury that Vaughns had made a plea agreement and thus had a motive to offer more favorable testimony for the State.
Because we find error, we consider next whether the State has met its burden to show that the error was “harmless beyond a reasonable doubt.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). “[T]he improper admission of ... irrelevant collateral crimes evidence is presumptively harmful.” Castro v. State, 547 So.2d 111, 115 (Fla.1989). The State does not meet its burden merely by showing “that the evidence against a defendant was overwhelming.” Id. Where, as here, the only evidence against the defendant consisted entirely of the testimony of her brother— who, none dispute, actually presented the forged prescription — we are unable to say that the error was harmless beyond a reasonable doubt. That the jury knew Harris was wanted in connection with another offense could well have made a significant difference in a case hinging entirely on Vaughns’ credibility. The prejudicial effect only compounded when the prosecutor improperly inquired of Dr. Taylor whether Harris was suspected of prescription fraud in her prior employment with the pediatric clinic. In fact, this subsequent allusion to irrelevant, inadmissible other crimes evidence provided a strand connecting Harris with the subject offense. Although we would likely not reverse based solely on the improper question, we have considered its import in our harmless error analysis.
REVERSED and REMANDED for a new trial.
PADOVANO, J., concurs, and WETHERELL, J., dissents with opinion.