LAWSON, J.,
dissenting.
Aneatra Pogar was convicted following a jury trial of conspiracy to traffic in 28 grams or more of a controlled substance and sentenced to a mandatory 25-year term of incarceration. Her conviction was affirmed on appeal. Pogar v. State, 11 So.3d 965 (Fla. 5th DCA 2009). She now appeals the summary denial of her 16-issue amended motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. While most of Pogar’s claims are conclusively refuted by the record, as found by the trial court, I would reverse the trial court’s order and remand for additional proceedings with respect to Pogar’s claims 4, 6 and 11.
In claim 4, Pogar alleged that her counsel was ineffective for failing to object to the State’s questioning of co-conspirators about their guilty pleas and convictions. Pogar alleged that these questions were prejudicial because they implied that Po-gar was failing to accept her responsibility and influenced the jury to find Pogar guilty. Pogar also noted that each of the co-conspirators testified to accepting prison sentences, but were all later sentenced to probation. The trial court denied the claim, reasoning that no objection was warranted because the State was authorized to elicit this information from it’s co-conspirator witnesses. The legal basis given in support of the summary denial of this claim is incorrect. See Travieso v. State, 480 So.2d 100, 103 (Fla. 4th DCA 1985) (“It is well settled under Florida law that the state may not show that a co-defendant or an accomplice pleaded guilty or was convicted because it is not relevant and it may have a very prejudicial effect upon the determination of the guilt or innocence of the defendant.”) (citations omitted).
In claim 6, Pogar alleged prosecutor misconduct based in part on the testimony of co-conspirator witnesses that they had agreed to pleas which would result in prison sentences. Pogar alleged that the prosecutor elicited this false testimony while knowing that the witnesses would be given more lenient sentences based upon their testimony in her case. This part of the claim is not refuted by the record. In addition, and perhaps unrelated to claim 6, Pogar attached a verified letter from Dionne Lylo, who the State portrayed as the leader of the conspiracy at trial, in which Lylo states that Pogar was not part of the conspiracy.[1] Although Pogar did not sufficiently plead an ineffective assistance of counsel claim, newly discovered evidence claim or Giglio[2] claim based upon the information in Lylo’s letter, I believe that she should have been granted an opportunity to attempt to state a viable post-conviction claim based upon this information. Spera v. State, 971 So.2d 754, 761 (Fla.2007).
Finally, in claim 11, Pogar alleged that her trial counsel was ineffective for not moving to strike testimony from a Detective Johnson that a cellular telephone used extensively as part of the conspiracy was hers. At trial, after the detective testified that the phone belonged to Pogar, her trial counsel objected and the jury was removed while the court and the parties addressed the objection. The trial court agreed that the detective’s testimony linking the phone to Pogar was inadmissible hearsay. However, the judge allowed the phone to be admitted into evidence based upon testimony that the phone was used extensively in furtherance of the conspira *906 cy. Pogar appears to be correct that her counsel never requested a curative instruction or otherwise made any attempt to further address the detective’s testimony, heard by the jury, that the phone belonged to her. In summarily denying the claim, the trial court ruled that because counsel did lodge an objection, the matter was one that could or should have been raised on direct appeal. However, because the trial court essentially sustained the objection, there would have been no other issue preserved for appellate review unless Pogar’s counsel either requested a curative instruction or moved for a mistrial based upon admission of the inadmissible testimony. See, e.g., Harris v. State, 34 So.3d 187, 190 (Fla. 1st DCA 2010) (“Where the trial court sustains an objection to improper testimony, ordinarily the objecting party must request and avail itself of an instruction from the court that the jury disregard the objectionable evidence.”); Pedroza v. State, 773 So.2d 639, 641 (Fla. 5th DCA 2000) (“If a party makes a contemporaneous objection to an improper comment which is sustained by a trial judge, the party must move for a mistrial if he or she wishes to preserve the objection for appellate review.”). Because her counsel did not make either motion, the jury was allowed to hear the inadmissible testimony, and Pogar was left with no recourse on appeal.
In summary, while I agree with the majority’s decision to affirm the trial court’s order as it relates to most of Po-gar’s claims, I respectfully disagree with the majority’s decision to affirm the trial court’s summary denial of claims 4, 6 and 11.

. It is not completely clear from Pogar’s motion which of her claims she intended to base upon the Lylo letter.

. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).